DAVID F. MITCHELL, *Appellant*, v. HARRY MASON, *Appellee*.

Opinion filed May 15, 1918.

Petition for rehearing denied June 17, 1918.

1. A Court of Chancery has jurisdiction to hear and determine a motion to vacate a sale of property made under the court's order of foreclosure after confirmation of sale.

2. In such case the Chancellor has a large discretion which will be interfered with by an appellate court only in a clear case of injustice and when it clearly appears that his decision was erroneous.

3. Upon a motion to vacate a sale of property made long after the confirmation of the sale and upon the ground of inadequacy of price realized at the sale as a result 'of ministerial. errors; the interest of the movant, the circumstances constituting the alleged irregularity, the inadequacy of price

and the existence of persons who at the time of the sale were ready, willing and able to purchase the property at a higher price than that for which it sold should be established by proof of a high degree of clearness and certainty.

Appeal from Circuit Court for Duval County, Daniel A. Simmons, Judge.

Order affirmed; motion to dismiss denied.

*Stanton Walker* and *Fred T. Myers,* for Appellant;

*Alex. St. Clair-Abrams, for* Appellee.

ELLIS, J.—The litigation in which this appeal involves one phase, has several times been before this court.

The question now presented is whether the sale of the property known as "Villa Alexandria" and certain described personal property located near the City of Jacksonville, of January 1st, 1912, was made in conformity to the decree of the court in the case of Harry Mason v. Cogswell *et al.,* entered on December 1st, 1911, in the Circuit Court for Duval County.

A motion was made by David F. Mitchell, one of the defendants in the above suit on January 22, 1916, to set aside the sale made on January 1, 1912, upon grounds which briefly stated are as follows: That on the morning the sale was to take place counsel for David Mitchell informed the Special Master who under the decree was directed to make the sale at public auction in compliance with law for the purpose of satisfying and discharging the amounts found in such decree to be due, that a supersedeas staying the execution of the decree had been obtained from the Judge of the Eighth

Judicial Circuit of Florida and that the bond duly approved had been placed on file in the office of the Clerk of the Circuit Court for Duval County; that the Special Master then informed Mitchell's counsel, so the latter understood, that the sale would not be made; that the sale was nevertheless made by the Special Master at the time and place directed by the decree and George Mason the son and attorney in fact of the complainant Harry Mason became the purchase at the "grossly inadequate price of $3,000,000;" that George Mason was the only person present at the sale to bid, and that the property was worth "at least $250,000.00;" that the movant Mitchell had "made arrangements to have the property bid in at the sale if the same should be held," and there were divers other persons who were ready, willing and able to purchase the property at a much larger price than the same brought at the sale, but all of them, including Mitchell, were misled by the Special Master's statement that he did not intend to sell the property on that day, and who were therefore not present to bid on the same; that since the sale was made the movant had obtained quit-claim deeds to the property from all the other defendants in the case of Mason v. Cogswell, et al.; that after the sale was made to George Mason he conveyed the property by quit-claim deed to his father Harry Mason.

It is in effect recited in the motion to vacate the sale that the Special Master announced that the sale would not take place because he supposed the supersedeas order was valid, but having discovered later that it was invalid, decided to proceed with the sale of the property and attempted to notify the movant and his attorney, but failed, and that he also failed to notify the persons whom it is alleged were ready, willing and able to pur-

chase the property for a sum greater than that for which it was sold.

The conclusion arrived at by the Special Master that the supersedeas order was void was correct. In an appeal by Mitchell from an order on his application to annul the proceedings taken under the foreclosure decree alleged to have been in violation of the supersedeas order, this court held the order to be void, so the application was denied. See Mitchell v. Mason, 63 Fla. 538, 57 South. Rep. 604.

But the point presented here is: Granting the supersedeas order to have been void, was the property sold for an inadequate price to the advantage of the complainant and to the disadvantage of the defendants, because of the impression created upon the movant and his attorney and others who were ready, willing and able to purchase at a much greater price by the announcement of the Special Master to them that he would not sell, and his subsequent change of mind without notice to such parties who by reason of the first announcement were not present at the sale and therefore could not bid upon the property?

Inadequacy of price in connection with other circumstances having a tendency to cause such inadequacy resulting in injury is considered sufficient grounds to set aside the sale especially if the circumstances result from the mistake of one whose duty it is under the decree to make sale of the property, yet the Chancellor has a large discretion which will only be interfered with by the appellate court in a clear case of injustice. See Sowards v. Pritchett, 37 Ill. 517; Glenn v. Clapp, 11 Gill & J. (Md.) 1; Pattison v. Josselyn, 43 Miss. 373; Eberhart v. Gilchrist, 11 N. J. Eq. (3 Stockton) 167; Schroeder v. Young, 161 U. S. 334; 16 Sup. Ct. Rep. 512:

Mechanics' Saving & Building Loan Ass'n. v. O'Conner, 29 Ohio St. 651; Young v. Teague, Bailey's Eq. (S.C.) 13.

There is no question as to the regularity of the sale, such as lack of published notice, improper time, place or terms of sale, nor lack of the jurisdiction of the court, nor authority of the Special Master to sell, and it appears that the sale was duly confirmed by order of the court the following day.

The grounds upon which the sale is attacked by the movant in this proceeding may render the sale voidable, but not void. The curative power of the order of confirmation while not extending to a void sale does extend to a sale made voidable by such conduct of the Special Master of which complaint is here made. He was not charged with fraud, nor collusion, nor any misconduct; nor was the complainant who purchased charged with fraud or collusion with other purchasers or with the Special Master. His announcement that he would not sell that day proceeded from information erroneously supplied by movant's counsel himself, which upon discovering the error the Special Master immediately attempted to recall. That he was unable to inform movant or his counsel of his determination to sell and that the supersedeas order was void because not taken within the time prescribed by law, a matter certainly known to movant's counsel, seems to have been no fault of the Special Master. Nor is it very clear from the motion or the affidavits supporting it that any certain person was ready, willing and able to pay a greater price for the property than the amount for which it sold. The affidavit of Mitchell himself does not state what amount he was willing to have paid for the property, nor that he was able to pay such price. This affidavit

did state that John J. Whitaker and Henry A. Hudnall wished to purchase the property for the sum of seventy-five thousand dollars the day of the sale and had "their checks certified with them for that purpose" and were not at the sale because of the Special Master's statement that he would not sell. But Hudnall's affidavit is not in the record, and Whitaker's affidavit merely stated that he and Hudnall "were prepared to bid" that amount and had made all preparations to purchase the property and had it not been for the announcement by the Special Master "would have been present at the sale."

This particular irregularity on the part of the Special Master was known to the movant Mitchell when he filed his first motion to vacate and annul the proceedings, but he seems not to have included in such motion that ground of attack. He may be successfully met at this point by the rule of *res adjudicata*. See 1 Van Fleet's Former Adjudication 96. Jay v. DeGroot, 2 Hun (N.Y.) 205. Knowledge of the sale came to him as early as four o'clock in the afternoon of the day of sale, yet he seems not to have appeared before the Chancellor and opposed the confirmation of the sale. So it cannot be said that the existence of the supposed irregularity was not known until after the confirmation of the sale by the court.

The order of confirmation is equivalent to an adjudication that the sale was one proper to be approved. It creates a presumption of the regularity of the proceedings. And while an interested party may attack an order of confirmation upon the grounds and in the manner in which the order in this case is attacked we think it is proper to give to the Chancellor's decision the same consideration that is given to his decisions upon any

other matter before him resting upon evidence. Unless it clearly appears that his decision was erroneous this court will not disturb his ruling.

The Chancellor disposed of the motion to set aside the sale by granting a motion of Mason to strike from the files and dismiss the motion of Mitchell.

The motion to strike contained many grounds, some of which involved questions of practice, some raised the point that the matter presented was *res adjudicata*, other grounds questioned Mitchell's interest in the property sold or the proceeds derived from the sale, and others that the court had no jurisdiction to set aside the sale. The sixth ground of the motion however averred that the matters and things set forth in the motion to set aside the sale as affecting the circumstances of the sale were not true.

The order of the Chancellor was that appellees' motion "having been duly argued and considered, it is ordered that the same be and is hereby granted." Five months afterwards Mitchell took this appeal.

Whether the Chancellor considered appellant's motion upon its merits it is impossible from his order to say.

We think that the appellant's interest in the property sold and his position as one of the defendants in the original suit of foreclosure entitle him to question the regularity of the sale and that the court had jurisdiction to entertain the motion to set the sale aside upon the ground of misconduct of the officer making the sale. And notwithstanding the rule of *res adjudicata*, we have considered the matter upon its merits. We have examined carefully the affidavits submitted by the parties. We have taken into consideration the Special Master's version of the alleged irregularities of the sale in con-

nection with the allegations of the motion and the affidavits in its support.

The affidavit of the Special Master was made and submitted upon the hearing of the first motion to set the sale aside, but it appears in this record and we have considered it.

Upon a motion of this kind depending for its effectiveness upon ministerial errors which have not been brought to the attention of the court, no matter what the reason for delay, for many years afterwards, the court should require a very high degree of clearness and certainty in proof in every particular. The interest of the movant, the circumstances constituting the alleged irregularity, the grossly inadequate price for which the property sold and the existence of persons who were ready, willing and able to purchase at a higher price who were not present at the sale because of the irregularity alleged and who would have been present and entered *bona fide* bids had it not been for such irregularities should be clearly established to a high degree of certainty.

Considering the merits of the motion to set aside the sale in this light, we think the Chancellor did not err in refusing to grant it, and his order is therefore affirmed.

The motion of appellee to dismiss the appeal is denied.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.