ARTHUR E. DONEGAN, *Appellant,* v. MARY A. SAFFORD, *Appellee.*

Opinion filed May 12, 1919.

APPELLATE PRACTICE—STATUTORY SUPERSEDEAS IN AN EQUITY CAUSE IS NOT EFFECTED UNLESS A BOND IS APPROVED AND FILED WITHIN THIRTY DAYS AFTER THE RENDITION AND RECORDING OF THE ORDER OR DECREE APPEALED FROM—AFTER THE LAPSE OF THIRTY DAYS ONLY THE APPELLATE COURT OR SOME JUSTICE THEREOF CAN GRANT A SUPERSEDEAS—THE CIRCUIT JUDGE HAS NO POWER TO GRANT SUPERSEDEAS

A statutory supersedeas in an equity cause can be effected only by the filing and approval of a supersedeas bond, in amount and conditioned as prescribed by an order of the Circuit Judge, and such bond must be filed within thirty (30) days from the rendition and recording of the order or decree appealed from after the lapse of thirty days only the Supreme Court or some Justice thereof has authority to grant an order of supersedeas. The Circuit Judge has no such power under the Statute. There being no supersedeas in existence in the case, the motion to vacate is denied.

An Appeal from the Circuit Court for Osceola County; J. W. Perkins, Judge.

*V. S. Starbuck,* for Motion;

*Johnston & Garrett,* Contra.

TAYLOR, J.—This case coming on for consideration upon a motion on behalf of the appellee to vacate a supersedeas granted by the Circuit Judge, and it appearing from the transcript of record brought here on appeal that no

supersedeas bond was executed, approved and filed within thirty days after the decree appealed from was rendered and recorded, and there being no order of supersedeas in the cause granted by this court or any Justice thereof, the Circuit Judge, under these circumstances, had no power to supersede the decree, and there is, therefore, no supersedeas to be vacated in the case. Mitchell v. Mason, 75 Fla. 679, 57 So. Rep. 604.

In consequence of which the appellee's said motion to vacate is hereby denied. The counter motion of the appellant for an order here of supersedeas in said cause is, under the circumstances revealed by the record, hereby also denied.

All concur.