SARAH S. RUFF and J. F. RUFF, her husband, H. C. BRAS-FIELD, F. I. GATES and HATTIE MAE GATES, his wife, *non compos mentis,* GUSS WILDER, her Guardian *Ad Litem,* and R. K. BRANDON, as Guardian for said HATTIE MAE GATES, *non compos mentis, Appellants,* v. GUARANTY TITLE AND TRUST COMPANY, a Corporation, as Trustee, and PINELLAS INVESTMENT CORPORATION, a Corporation, *Appellees.*

En Banc.

Opinion filed January 28, 1930.

*J. C. Davant,* for Appellants;

*Brandon, Gage, Hancock & Polhill,* and *S. E. Simmons,* for Appellees.

DAVIS, Commissioner:

The appeal in this case is from a decree confirming a sale of mortgaged property made under a decree of foreclosure, and also from a decree denying the petition of appellant, F. I. Gates, for a rehearing of application of appellees for an order confirming said sale.

The appellees now move this Court to dismiss the appeal, because the record shows that the appeal is frivolous; that it was taken in bad faith and for purposes of delay, and because it was taken from orders of such a nature from which an appeal does not lie.

The appellant, F. I. Gates, based his application for rehearing upon grounds that Notice of Sale was published in the town of Dunedin, a place distant from the place of sale; that he knew nothing of the contemplated sale until about 9 o'clock of the morning on which it was to be held;

that there was no competitive bidding for the property at the sale; that the amount offered for said property was grossly inadequate, and that at a sale upon due and proper notice and upon competitive bidding, the property would bring an amount greatly in excess of that reported by the master.

Attached to the petition are the affidavits of the appellant, Gates, and several other persons, wherein it is stated that the property "is reasonably worth $12,000.00. The property was sold by the Special Master for $2,500.00 to the Pinellas Investment Corporation, a complainant in the cause."

The order denying the petition for a rehearing recites that it came on to be heard and that "the Court heretofore, to-wit on August 29th, 1929 entered an order allowing the Defendant F. I. Gates until September 15th 1929 to tender payment of the amount of the decree herein, and it appearing further that the said defendant F. I. Gates has not tendered such payment."

If upon a short and cursory examination of the record the assignments of error are so palpably without merit as to lead to a conclusion that the appeal was taken merely for delay, the motion should be granted. Randall v. Twitchell, 124 So. R. 21, 98 Fla. 559, and authorities therein cited; Johnson v. Johnson, 91 Fla. 275, text 280, 107 So. R. 342; Williams v. State, 97 Fla. 876, 122 So. R. 523; Godwin v. Fort Meade Bldg., Loan & Savings Ass'n., 98 Fla. 110, 123 So. R. 521; Sections 4639 and 4965 Compiled General Laws of Florida, 1927.

The appellants have assigned as error, first the making and entering of the order confirming sale and second the making and entering of the order denying the petition for rehearing.

An examination of the record reveals no irregularity in connection with the sale. It appears that a special master was duly appointed to make the sale; that proper notice was given by publication in a newspaper of general circulation, published in Pinellas County, Florida; that in compliance with the terms of the final decree, the said special master on the first Monday of the month of August, 1929, during the legal hours of sale, at the front door of the court house, sold at public outcry for cash the property described in the decree. Under the circumstances, the action of the court in confirming the sale appears to be not only a proper exercise of its discretion, but a performance of a judicial duty. There is no merit in the first assignment of error.

Taking up the second assignment of error, it is our opinion that the petition for a rehearing of the application to confirm the sale is in effect nothing more than a petition to vacate the said order of confirmation. The manifest purpose of the petition was to have the sale set aside.

This Court, in Mitchell v. Mason, 75 Fla. 679, text 684, 79 So. R. 163, held that an order confirming a sale under a foreclosure decree is equivalent to an adjudication that the sale was one proper to be approved, and creates a presumption of the regularity of the proceedings. With that rule in force, the burden was on the appellant to overcome the presumption by a proper showing and yet the only ground for the petition that has even remotely any support in the affidavits accompanying it is the one that states that the amount offered for the property was grossly inadequate. It is not made to appear by either of the affidavits that the person making the same was ready, able and willing to give more for the property, than the amount for which it was sold.

In 16 R. C. L., page 100, it is said that:

"It is by no means a matter of discretion with the court to rescind a sale which it has once confirmed, nor is the sale to be rescinded for mere inadequacy of price, or for an increase of price alone, irregularity, and the like. Some special ground must be laid such as fraud and collusion, accident, mutual mistake, breach of trust, or misconduct upon the part of the purchaser, or other party connected with the sale, which has worked injustice to the party complaining and was unknown to him at the time the sale was confirmed."

This Court has held that the general rue is that mere inadequacy of price is not sufficient to set aside a judicial sale, but "where such inadequacy is connected with or shown to result from any mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be set aside." Lawyers' Co-op. Publishing Co. v. Bennett, 34 Fla. 302; 16 So. R. 185; Marsh v. Marsh, 72 Fla. 142, 72 So. R. 638; Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. R. 995. In such cases, as stated in Mitchell v. Mason, *supra,* the chancellor has a large discretion which will only be interfered with by the appellate court in a clear case of injustice.

It seems that the court was not disposed to shut the door upon appellant until he had had an opportunity to pay the amount of the decree. He did not pay this amount, nor did he, so far as the record advises us, produce before the court any proof that he or anyone else would buy the property, if resold, at a price in excess of the amount it was sold for by the special master. It is our opinion that the assignments of error are so plainly and palpably without merit as to lead to the conclusion that the appeal was

202

taken merely for delay. The motion to dismiss the appeal should be granted.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the motion to dismiss the appeal in this cause should be, and the same is hereby, granted.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.