UNITED AMERICAN INSURANCE COMPANY, MATT E. ELLIOTT, CHARLES A. POWERS and FRENCH NESTOR v. CALVIN H. OAK.

166 So. 547.

Division B.

Opinion Filed March 4, 1936.

Charles A. Powers, Charles A. Powers, Jr., Milam, McIlvaine & Milam and E. T. McIlvaine, for Appellants;

*Baker & Baker,* for Appellee.

BUFORD, J.—On the 6th day of July 1933, a decree of foreclosure was entered, in which the following appears:

"(1) That there is now due and payable to the Plaintiff, Calvin H. Oak, the sum of Eighteen Thousand Five Hundred Seventy-eight and 38/100 Dollars ($18,578.38) for principal and interest of the mortgage indebtedness including moneys paid by Plaintiff in the discharge of State and county and city taxes, and insurance premiums; and the further sum of $21.50, the cost of continuation Abstract of Title and the further sum of $1,500.00, as and for attorney's fees for the services of Plaintiff's attorneys of record rendered and to be rendered in this cause; and each and every of said sums, together with the costs of these proceedings, is secured by the lien of the mortgage (C O B 157, page 129) sought to be foreclosed; and that the defendants, French Nestor, Charles A. Powers, Matt E. Elliott and United American Insurance Company, are severally liable for and shall pay, forthwith, each and every of the several sums aforementioned."

And also:

"(3) That upon making said sale the Special Master shall report the same to this Court for its confirmation thereof; that after the confirmation of said sale the Special Master herein appointed shall make and deliver to the purchaser of the mortgaged premises at said sale, a good and sufficient Special Master's Deed granting and conveying the mortgaged premises and that upon the presentation of such deed the defendants shall immediately deliver possession to the purchaser of the mortgaged premises thereby conveyed. The plaintiff may be a purchaser at said sale, and in such event the plaintiff shall be entitled to a credit on its bid of the amount thereof in excess of the aggregate of the sums

required to be disbursed by the Special Master herein appointed to execute this decree, in payment of items (a), (b) and (c), of Paragraph 5 hereof, not exceeding the amount decreed to be due plaintiff for principal and interest."

"(8) That in the event the mortgaged premises sell for less than the total of such costs, taxes, expenses and other indebtedness decreed to be secured by the mortgage hereby sought to be foreclosed, the Special Master shall report any such deficiency of the proceeds of such sale to this Court; and that this Court shall retain jurisdiction of this cause to make such other and further orders as may be required and by this Court may be deemed meet and proper to be made herein."

On August 14 1933, an order was made confirming the sale of the property for the sum of $15,000.00 and that order contained the following:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

"1. That the sale of the mortgaged premises by the Master, as reported, be and the same is hereby approved, ratified and confirmed in all respects, and that the said Master is hereby directed to execute and deliver to the plaintiff as the purchaser at said sale, his Master's deed of conveyance granting and conveying to Calvin H. Oak, the plaintiff, the mortgaged premises, upon the payment by him of the purchase price and that the Master forthwith, upon the collection thereof, distribute same as the proceeds arising from said sale in accordance with the terms of the Decree of Foreclosure and sale, heretofore entered in this cause, and in pursuance of which this property has been sold."

On the 11th day of September the Special Master made his report showing disbursements as follows:

"2.   That he as such Special Master and as directed in said decree of foreclosure and sale, has disbursed the moneys so received by him as follows:

"A.   To Baker & Baker, Attorneys for Plaintiff, in refund of Sheriff's costs advanced  Receipt attached as Voucher No. 1......................... $      6.75

"B.   To Elliott W. Butts, Clerk of Circuit Court, in full of his costs as Clerk, Receipt attached as Voucher No. 2...................................      24:60

"C.   To Raleigh Dowling, Esquire, Special Examiner, Cost of Reporting Testimony, Receipt attached as Voucher No. 3.................................      20.00

"D.   To Financial News, advertising sale  Receipt attached as Voucher No. 4..........................      13.50

"E.   To Wm. B. Bond, as Special Master, Agreed fee, including commissions and revenue stamps, Receipt attached as Voucher No. 5      80.00

"F.   To Florida Title & Guaranty Company, Continuation of abstract of title, Receipt attached as Voucher No. 6.................................      21.50

"G.   To Baker & Baker, Attorneys for Plaintiff, Attorney fees allowed by decree  Receipt attached as Voucher. No. 7.................................  1,500.00

"H.   To Calvin H. Oak, the Plaintiff, On account of amount found due him by decree, including refund for taxes and insurance premiums, Receipt attached as Voucher No. 8...... 13,647.65

"Total  Disbursements........ $15,313.65"

"Your Special Master would further show that in and by the aforementioned decree of foreclosure and sale he was directed in Paragraph 5 thereof, after payment of the costs of suit  cost of continuation of abstract, attorney's fees,

Special Master's fees, revenue stamps on Master's deed and cost of advertising sale, to pay the plaintiff, Calvin H. Oak, the following sums:

"Amount decreed due Plaintiff, including interest to date of decree............................................ $18,578.38

"Interest thereon from July 6, 1933, date of the decree, to August 7 1933, date of sale, at 6%     95.98

    18,674.36

"Gross proceeds of sale............................................ 15,000.00

"Amount paid to Master by Receiver.................. 313.65

    15,313.65

"Less costs and expenses, including abstract and attorney's fee................................................. 1,666.35

    13,647.30

    18,674.36
    13,647.30

DEFICIT.............................$ 5,027.06"

"Which deficiency is now due and payable to the plaintiff by the defendants, severally, French Nestor, Matt E. Elliott, United American Insurance Company and Charles A. Powers."

On December 4, 1933, objections and exceptions in Master's Report were filed by United American Insurance Company and Matt E. Elliott as follows:

"Come now the defendants, United American Insurance Company and Matt E. Elliott, by their undersigned solicitor, and except to the confirmation of the Special Master's Report of Disbursements now on file herein.

"1.  That in and by said final decree rendered in this cause, the said Special Master is without authority to expend as a portion of the costs in this cause the particular item set forward in Division E of paragraph 2, to-wit, the sum of $80.00.

"2.  Said Master's Report fails to set forth, under division E of paragraph 2, the portion allowed as Special Master's fees (agreed) and the amount allowed for revenue stamps.

"3.  That in and by said final decree, rendered in this cause, the said Special Master is without authority to find, as he did on page 3, to-wit which deficiency is now due and payable to the plaintiff by the defendants, severally, French Nestor, Matt E. Elliott, United American Insurance Company and Charles A. Powers.' "

Like exceptions were filed by Charles A. Powers on the same date and thereupon on December 4, 1933, United American Insurance Company, Matt E. Elliott and Charles A. Powers filed under one cover their separate and individual further answers to the bill of complaint upon the application for deficiency decree.

Many exhibits were attached to the answer, and on the same date December 4, 1933, the report of the Receiver theretofore appointed, the report of the Special Master and application for deficiency decree came on to be heard before the Honorable Daniel A. Simmons, Judge.  The testimony was later reduced to writing and presented to Judge George Couper Gibbs.  The testimony was marked and filed in the Clerk's office on the 4th day of December, 1934.

On the 17th day of March, 1934, the following order was entered:

"Order Discharging Receiver Confirming Master's Report of Disbursement and Decree for Deficiency.

"This·cause came on to be further heard this day upon the Receiver's Report and the Special Master's Report of Disbursements and Plaintiff's motion for the entry of a Decree for the amount of the deficiency of the proceeds of the sale of the mortgaged premises; and it appearing that the Special Master and Receiver have properly discharged their respective duties herein; and it further appearing that James D. Baker, as such Receiver, has paid over to William B. Bond, as Special Master, the sum of Three Hundred Thirteen Dollars and Sixty-five Cents ($313.65) the rents collected by him from the mortgaged premises, less his proper disbursements, including his compensation as herein allowed; and that the Special Master has also collected the purchase price of the mortgaged premises bid at the sale thereof, upon delivery of this Master's Deed, as directed in the order confirming said sale heretofore made and entered herein, upon consideration.

"It Is Ordered, Adjudged and Decreed:

"1. That the report of James D. Baker, as Receiver of the mortgaged premises and all of his acts and doings as such Receiver, be and the same are hereby approved, ratified and confirmed; and the said James D. Baker as such Receiver, be relieved and discharged of and from any further duties in the premises as Receiver; that the bond of James D. Baker as such Receiver be and the same is hereby cancelled, and said James D. Baker and his surety on said bond are, and each of them is, hereby released, discharged and exonerated of and from all liability thereon; and the injunction bond of the plaintiff, Calvin H. Oak, be and the same is hereby cancelled, and the said Calvin H. Oak, as principal and his surety on said bond are, and each of them is, hereby

released, discharged and exonerated of and from all liability thereon.

"2. That the Report of Disbursements by William B. Bond, as Special Master for this cause, and all of his acts and doings in the premises be and the same are hereby approved, ratified and confirmed.

"3. And, further that the Plaintiff, Calvin H. Oak, do have and recover of and from the defendants, French Nestor, Matt E. Elliott, Chas. A. Powers and United American Insurance Company, the sum of FIVE THOUSAND TWENTY-SEVEN DOLLARS AND SIX CENTS ($5,027.06) for which let execution issue.

"DONE AND ORDERED in Chambers at Jacksonville, Florida, this 17th day of March, A. D. 1934.

"(Signed) DANIEL A. SIMMONS
"*Judge.*"

On the 28th day of March, 1934, an order modifying the former order was entered as follows:

"ORDER MODIFYING THE FORMER ORDER HEREIN DISCHARGING RECEIVER, CONFIRMING MASTER'S REPORT OF DISBURSEMENTS AND DECREE OF DEFICIENCY.

"The Court of its own motion after further consideration of the matter, considering that its former order, entered herein on the 17th day of March, A. D. 1934, and recorded in Chancery Order Book 170 at pages 104 and 105 is not in accordance with equity and good conscience in that the deficiency decree therein contained against Matt E. Elliott, Chas. A. Powers and United American Insurance Company should not have been granted in said order, it is, therefore,

"ORDERED, ADJUDGED AND DECREED that the said order be and it is hereby modified by striking from the third paragraph of said order the following words: 'Matt E. Elliott,

Chas. A. Powers and United American Insurance Company,' and that the following words be added to said paragraph: 'And the prayer of the Plaintiffs herein for a deficiency decree against the defendants, Matt E. Elliott, Chas. A. Powers and United American Insurance Company, and each of them, be and it is hereby denied.' So that the said Third paragraph shall be as follows: 'And, further that the Plaintiff, Calvin H. Oak, do have and recover of and from the defendant, French Nestor, the sum of FIVE THOUSAND TWENTY-SEVEN DOLLARS AND SIX CENTS ($5,027.06), for which let execution issue. And the prayer of the Plaintiff herein for a deficiency decree against the defendants, Matt E. Elliott, Chas. A. Powers and United American Insurance Company, and each of them, be and it is hereby denied,' and that in all other respects the said order shall stand as heretofore entered.

"Done and ordered in Chambers at Jacksonville, Florida, this 28th day of March, A. D. 1934.

"(Signed) DANIEL A. SIMMONS,
"Judge."

On April 5th, 1934, which was 8 days after the order of modification and 19 days after the original order adjudging the deficiency, petition for rehearing was filed, the said petition for rehearing being addressed to the order modifying the original deficiency decree. After motion for rehearing was filed by French Nestor, one of the defendants against whom the original decree was entered, on April 6th Calvin Oak filed petition for rehearing.

On November 21, 1934, order granting rehearing was entered, as follows:

"This cause coming on to be heard upon the petition of the plaintiff and upon the petition of the defendant, French

Nestor, each for a rehearing and to set aside the decree of this Court, made by the Honorable Daniel A. Simmons, one of the Judges of this Court, on March 28th, A. D. 1934, and entered in the records of said Court on March 29th, A. D. 1934, in Chancery Order Book 170, at pages 392 and 393, and the Court having considered the record and read the testimony taken before the Judge making said decree, and it appearing to the Court from an examination of the record that the decree sought to be set aside is one modifying the decree of this Court, made by the Honorable Daniel A. Simmons, a judge of this Court, upon the 17th day of March, A. D. 1934, and entered on said day in the records of this Court in Chancery Order Book 170, at pages 104 and 105, and it further appearing to this Court that Honorable Daniel A. Simmons was at the time of the making of both of said decrees ill at his home and that he never recovered from said illness, but a short time thereafter died; and that because of the said illness and death of said judge making said decree it has become impossible to present these petitions to said judge; and no legal or equitable cause appearing from the record, or the testimony, why the decree aforesaid of March 17th, A. D. 1934, should have been modified by the later decree sought to be set aside, it is thereupon on consideration, ordered adjudged and decreed that a rehearing be had as prayed for and that pending said rehearing and determination by this Court thereon, further action upon said decree hereinabove described be and the same is, hereby stayed.

"Done and ordered at Chambers, Jacksonville, Florida, this 21st day of November, A. D. 1934.

"(Signed) GEORGE COUPER GIBBS,

"*Judge.*"

This order was recorded on November 22nd, 1934. The appeal is from the order rendered on November 21, 1934, and entered November 22nd, 1934, recorded in Chancery Order Book 183, page 218, which is the last order above mentioned.

It is the contention of the appellants that the Court was without jurisdiction to grant the rehearing.

Appellants present in their brief three questions which they say are to be determined in this case. They are as follows:

"Question I: Where a decree final in its nature has been duly entered, which decree is not void, and a petition for rehearing has been filed within the term and within twenty days after the rendition of said decree but no order vacating the decree, staying the proceedings or continuing the said petition to the ensuing term of Court, was made by the Court during the said term; does not the decree become final and absolute at the end of the term so that the Court loses control of said decree for all purposes except the correction of some clerical errors or misprisions?

"Question II: Where one Circuit Court Judge has exercised his discretion and rendered his order on a motion for a deficiency decree and said order is not void, may *another* Circuit Court Judge rehear the question of deficiency or are the parties if aggrieved, limited to their right of appeal to the Supreme Court?

"Question III: Is not the finding in the decree appealed from that there is 'no legal or equitable cause appearing from the record or the testimony why the decree aforesaid of March 7th, 1934, should have been modified by the later decree sought to be set aside' erroneous?"

In Mabson v. Christ, 96 Fla. 756, 119 Sou. 131, it was held:

"If neither the final decree of foreclosure, nor the decree of confirmation, adjudicate the complainant's right to have a deficiency decree, nor contain any reservation holding the case open for that purpose, the complainant cannot, after the decrees have become absolute under the statute and rule, on motion have the case reopened and such omission supplied by entry of a deficiency decree."

It will be observed that this holding applies to the final decrees and decrees of confirmation that do not contain any reservation holding the case open for the purpose of entering a deficiency decree.

In the case at bar the record shows that the Court in the final decree, *supra,* held the case open for such further orders as might be necessary to be made.

We think that it is clear from the record that the Court retained jurisdiction with power to enter a deficiency decree at the time the original deficiency decree was improvidently entered and that the motions for rehearing on that decree were timely made and that those motions being on file had the same effect as motions for new trial would have when pending in a law action and serve to keep the case open for final disposition on the docket until the motion for rehearing is disposed of.

This case is to be differentiated from the case of Mabson v. Christ, *supra,* because in this case the whole record shows that a deficiency decree was contemplated from the beginning; that the amount of deficiency was not known and could not have been known to the Court at the time final decree was entered nor at the time the order confirming the sale was entered, because when the order confirming the sale was made the Receiver had not been discharged; his report had not been received by the Court and there was no report of the Master showing disbursement of the pro-

ceeds from the sale, nor was there any showing at that time as to what amount would be applicable from the sale of the foreclosed property to the payment of the debt found and decreed to be due by the terms of the final decree; and until the Report of the Receiver and the Report of Disbursements by the Master were received and approved, the Court was without evidence upon which to base the amount of a deficiency decree and the Court had in the final decree, as above stated, retained jurisdiction to enter any and all further orders that might be required.

Counsel contends also that Judge Gibbs could not legally grant a rehearing on an order that had been made by Judge Simmons, the contention being that to do so would be equivalent to one Circuit Judge reversing another Circuit Judge. The contention is not tenable. The order modifying the deficiency decree was made and entered by the Circuit Judge of the Circuit for Duval County. The order granting a rehearing was made by the Circuit Judge of the Fourth Judicial Circuit in and for Duval County. That the individual reposing in the office and exercising the power when the order was made was not the same individual reposing in the office and exercising the power when the rehearing was granted is immaterial. Both orders were made by the Circuit Judge of the Circuit Court in and for Duval County and in the record there is ample showing of adequate reason why the order granting the rehearing was made by a different individual than the one who signed the order on which rehearing was granted.

Where there is more than one Circuit Judge in a county each of such Circuit Judges is vested with the power to exercise all the authority of a Circuit Judge in that county and while public policy and orderly procedure may suggest that when one of such Circuit Judges has undertaken the

handling of a particular case, he should carry it through, there is no legal inhibition which will prevent another of the Circuit Judges of that Circuit Court taking up the case at any point and carrying it on, when it appears expedient for him to do so.

Reverting to the matter of filing a petition for rehearing, it will be observed that Section 70 of the 1931 Chancery Practice Act is the governing statute in regard to this matter and it requires that petition for rehearing shall be filed within twenty (20) days after the recording of the decree. This, of course, means within twenty days after the recording of the decree or order on which rehearing is requested.

It is not made to appear that the Court was without jurisdiction to make the order granting the petition for rehearing and neither has it been made to appear that the Court committed reversible error in making that order. So, the same should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.