91 So.2d 307 (1956)
MAULE INDUSTRIES, Inc., a Florida Corporation, Petitioner,
v.
SEMINOLE ROCK AND SAND COMPANY, a Florida Corporation, and Halle Mines, Inc., a Delaware Corporation, Respondents.
Supreme Court of Florida. Division B.
October 31, 1956.
Rehearing Denied January 10, 1957.
*308 Salley, Roman & Hector, George H. Salley, Miami, Julius F. Parker (of Caldwell, Parker, Foster & Wigginton), Tallahassee, for petitioner.
Sinclair & Nicholson, Miami, for Seminole Rock & Sand Co.
Smathers, Thompson & Dyer and L.S. Bonsteel, Miami, for Haile Mines, Inc.
O'CONNELL, Justice.
This is a petition for writ of certiorari in which petitioner asks this Court to examine the order of the Circuit Court of Dade County dated June 19, 1956, in which order the judge ordered set aside a judicial sale held in conformance with F.S., Chapter 702, F.S.A., under which sale petitioner, Maule Industries, Inc., as purchaser was issued a certificate of title by the clerk of said court. Seminole Rock and Sand Company, respondent, was owner of the mortgaged land and the other respondent, Haile Mines, Inc., purportedly purchased the same land from Seminole Rock after the issuance of the court's order of June 19, 1956. The mortgagee, J.M. Gregory, is not a party to the controversy.
For some time before the foreclosure sale, Lassiter, President of Seminole Rock, and Ferre, President of Maule Industries, *309 negotiated for the sale of the land to Maule Industries. Sale prices mentioned in the negotiations were between $700,000 and $820,000 but other land owned personally by Lassiter was included. On March 30, 1956, a firm offer of $650,000 was made by Maule Industries to Seminole Rock for the two tracts of land, one being owned by Lassiter personally; $500,000 of this offer is alleged to have been for the mortgaged land in question, the remainder of the price being for Lassiter's personal lands. This offer was rejected in writing on the same day and Seminole Rock in such writing notified Maule Industries that it would have no further dealings with them.
On April 3, 1956, the final decree of foreclosure was entered and on April 19, 1956, a sale was held. The validity of the final decree is not questioned. At the foreclosure sale Maule Industries was the successful bidder at $350,000 and a certificate of sale issued. Seminole Rock filed objections to the sale within the ten day period prescribed by F.S., § 702.02, F.S.A. On May 3, 1956, the judge of the circuit court heard these objections and overruled them, holding that the sale was regular in all respects and ordering the clerk of the court to issue the statutory certificate of title.
Said certificate was issued as of May 3 and within ten days Seminole Rock filed a petition for rehearing, alleging the same facts as in their original objections and that Haile Mines, respondent, had made an offer to purchase the land for $800,000, $365,000 of which was to be in cash and the balance to be paid out of profits. On June 19, 1956, the chancellor, acting on the petition for rehearing, ordered that the order confirming the sale be vacated, that the clerk's certificate of title be null and void, and that Seminole Rock repay Maule Industries the sums it paid at the sale, plus interest. The chancellor in his order sought to be reviewed here stated that the sale price had not been so grossly inadequate as to shock the conscience of the court but was inadequate and that there were present other circumstances having a tendency to cause such inadequacy. He referred to Ferre's negotiations with Lassiter, agreeing with respondents' contention that since Ferre asked Lassiter not to deal with anyone else and assured him his corporation would pay $820,000 for the lands but at a very late date (twenty days prior to the sale) offered a smaller amount; Ferre had misled the mortgagor and thereby placed it in such a position that it could not raise the money to redeem the property.
Petitioner maintains that after issuance of the certificate of title the circuit court had no jurisdiction to hold a rehearing on objections to the sale and that even if it had such jurisdiction there were not sufficient grounds for vacating the sale. Petitioner further alleged that it was denied due process of law in the rehearing.
F.S., Chapter 702, F.S.A., provides for foreclosure of mortgages. Section 702.02 specifies that if objections to the sale are not filed within ten days after filing of the certificate of sale the clerk shall then issue a certificate of title, whereupon the sale shall stand confirmed and title pass. The chapter does not provide for the procedure to be followed in the event objections are filed. Section 702.07 stipulates that circuit courts shall have jurisdiction to vacate and set aside decrees of foreclosure at any time before the sale has actually been made. The chapter is silent concerning a rehearing after issuance of the certificate of title. It seems to be the contention of petitioner that the effect of this chapter is to remove mere administrative duties from the circuit court and give them to the clerk, and that if no objections are filed to the sale the clerk's issuance of the certificate of title ends the matter  no further judicial function being required nor even allowed. If, as in the present case, objections are filed but overruled and the certificate of title then issued, petitioner contends that since the chapter does not provide for a rehearing none may be had, for the reason that the circuit court had thereupon lost jurisdiction of the matter. He alleges that the provision of Section 702.07 supports this *310 contention. We cannot agree to this contention.
It is our opinion that the circuit court had the jurisdiction to entertain the rehearing after issuance of the certificate of title. Such petition was timely filed. It is apparent that at least before the 1953 Act, Section 702.02, the circuit courts exercised jurisdiction to hear and determine motions to vacate a foreclosure sale even after the sale had been confirmed. The case of Mitchell v. Mason, 75 Fla. 679, 79 So. 163 specifically ruled that such a sale could be set aside by the chancellor, who had a wide discretion. In Marsh v. Marsh, 72 Fla. 142, 72 So. 638, 639, we said:
"That courts of equity have a general supervision over judicial sales made under their decrees, and may set aside or vacate sales for cause, even after confirmation, there can be no question."
A sale was set aside five and one-half years after entry of a deficiency judgment in Life & Casualty Insurance Co. of Tennessee v. Tumlin, 138 Fla. 447, 189 So. 406. The sale was set aside in Ruff v. Guaranty Title and Trust Co., 99 Fla. 197, 126 So. 383, where this court was of the opinion that the petition for rehearing of the application to confirm the sale was in effect nothing more than a petition to vacate such order of confirmation. We were of the opinion in United American Ins. Co. v. Oak, 123 Fla. 159, 166 So. 547, that the motion for rehearing had the same effect as a motion for new trial and served to keep the case open for final disposition until the rehearing was disposed of. The fact that Chapter 702 does not provide for a rehearing after issuance of a certificate of title does not mean that no rehearing may be had in keeping with our civil procedure. It is to be noted that Chapter 702 does not stipulate specifically that no rehearing may be had. We feel that the court had jurisdiction to exercise judicial discretion in regard to the sale and to hear and act on the petition for rehearing.
Petitioner further contends that no rehearing lies from the confirmation of the sale (it is to be recalled that the provisions of Section 702.02 state that upon issuance of the certificate of title the sale shall "stand confirmed") since 31 F.S.A. Rule 3.16 of the Florida Rules of Civil Procedure applies only to "decrees". Petitioner does not say such decree must be final but nevertheless that it must be a "decree". It may be true that we had said the "decree" was the final decree of foreclosure and that all other orders were merely steps in enforcement, rather than decrees. Life & Casualty Ins. Co. of Tennessee v. Tumlin, 138 Fla. 447, 189 So. 406, supra.
However, we believe and hold that, at least in respect to the question whether or not a rehearing is allowable, there is no difference between a decree and an order. The words have been used by this Court interchangeably in rulings very similar to those involved in the present case. See Ruff v. Guaranty Title and Trust Co., 99 Fla. 197, 126 So. 383, supra. In the case of United American Ins. Co. v. Oak, 123 Fla. 159, 166 So. 547, supra, we held that under former Equity Rule 70 (now combined into Rule 3.16, Florida Rules of Civil Procedure) the provision that rehearing must be applied for within twenty days after the "decree" meant after the decree or order on which a rehearing was requested. We cannot agree with petitioner's argument that the circuit court, although formerly retaining jurisdiction to vacate its orders confirming sale under a decree of foreclosure, now has lost such jurisdiction by virtue of the provisions of Chapter 702 and the alleged limitation of Rule 3.16.
Petitioner's chief complaint was that to allow the retention of jurisdiction by the circuit court adds uncertainty to the title one may acquire by purchase at a foreclosure sale. Our ruling merely allows such retention of jurisdiction for another ten days in which the petition for rehearing must be filed, plus the time required to dispose *311 of such petition. We cannot see that such a short length of time creates any undue prejudice, or that it will add uncertainty to foreclosure sales.
Although we have ruled above that the circuit court retains jurisdiction to entertain a petition for rehearing, we recognize that the judge of such court exercises his discretion in deciding on rehearing whether the sale should be set aside. And we are mindful of the rule the exercise of his discretion should not be interfered with by us except where he abuses it. Mitchell v. Mason, supra. In Crichlow v. Equitable Life Assurance Society of U.S., 131 Fla. 752, 180 So. 382, we stated that his discretion was large and would only be interfered with by the appellate court in a clear case of injustice. Keeping such principle in mind, we nevertheless conclude that in the instant case the judge abused his discretion.
The doctrine has been repeatedly set out that mere inadequacy of price alone is not sufficient reason to set aside a judicial sale, unless coupled with other circumstances having a tendency to cause such inadequacy. Mitchell v. Mason, supra. The chancellor did follow this doctrine and found such "other circumstances" in the alleged conduct of Ferre in misleading Lassiter and leaving him in a helpless state. However, we do not think the facts in the record sustain the judge's view.
As to inadequacy, we find that the only firm offer Seminole Rock had before the sale for the mortgaged land was $500,000. All the other figures in the record were "talk" in connection with negotiations. The land was sold for $350,000, which is 70% of that offer and is not a startling inadequacy. Property sold under forced sale seldom, if ever, brings its true value. It is true, also, that in almost every such case that a higher price will be paid for the same property after a responsible purchaser, such as Maule, has indicated an interest in it. We construe the offer of Haile Mines, Inc., if an offer at all, to be for only $365,000 (the remainder of the alleged purchase price was to be paid from profits), which is not much greater than petitioner's bid for $350,000. We cannot say from the record just what the true value of the land was and have considered the only firm offer made, $500,000, to be the best evidence of its value. Ferre is alleged to have asked Lassiter not to deal with anyone else during the negotiations between them. However, twenty days before the sale Lassiter notified petitioner that Seminole Rock would have no more dealings with Maule Industries. How then can it be said that Seminole Rock was misled during those twenty days in which Seminole Rock was perfectly free to interest others, including Haile Mines, in purchasing the land. We believe that the facts as presented in the record, while they may tend to sustain the respondents' contention that petitioner spun about them a web of helplessness, are even more susceptible to our interpretation that no circumstances tending to create inadequacy of sale price existed. As we held in Mitchell v. Mason, supra, a high degree of proof is necessary to prove such circumstances. We do not feel respondents have met this test.
Petitioner's allegation that it was denied due process in the rehearing need not be considered, in view of our finding that the chancellor abused his discretion in setting aside said sale.
The other order of the Circuit Court sought to be reviewed here was that order of July 13, 1956, directing the lessee of the land in question to pay rents and royalties into the registry of the court. Its fate of course depends upon our decision concerning the order of June 19, 1956.
In accordance with our views herein expressed, the petition for certiorari is granted. The orders of the Circuit Court dated June 19, 1956 and July 13, 1956, are quashed. The Clerk of the Circuit Court is directed to pay over to Maule Industries, Inc., *312 the rents and royalties paid into the registry of the Court by the lessee, and the cause is remanded with directions to the trial court to enter an order on the rehearing in conformance with our views expressed above.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.