PER CURIAM.
Desser and Garfield, Inc., defendant below, appeals from a final decree in a foreclosure suit brought by Teachers Insurance and Annuity Association of America, plaintiff below.
The defendant claims reversible error was committed when the chancellor deprived it of an opportunity to present evidence on the issues; that it did not receive notice prior to the entry of the final decree; that plaintiff’s bid at the foreclosure sale was inadequate, and that there was insufficient proof of the mortgage debt and the notice of default given to it.
There is a sharp conflict between the parties over whether the defendant actually did intend to present evidence at the close of the plaintiff’s case. The chancellor entered a lengthy “Order Correcting Record,” in which he stated that the defendant clearly indicated to him that it did not intend to present any testimony or evidence at the close of the plaintiff’s case and that it intended to rely on its final argument made on its motion for directed verdict.
Such a finding by a chancellor who was present at the hearings should not be set aside by an appellate court in the absence of clear proof that it was erroneous.[1] There is ño such proof before us.
Appellant has not referred us to any authority which requires the chancellor, after final hearing, to give notice to the parties prior to the entry of his final decree. See: 30A Am.Jur.Judgments, §§ 26, 98. We do not find error in this regard.
The defendant asserts that the trial court erred in not setting aside the sale because of the inadequacy of the- amount by which plaintiff bid in the mortgaged property. This does not necessarily constitute error. See Florida Statutes, Section 702.02 (5), F.S.A.; Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383 (1930); 22 Fla.Jur.Mortgages, §§ 366, 370.
Plaintiff filed a cross assignment of error directed to the denial by the chancellor of its claim for a deficiency decree, present or in the future, with prejudice. It has conceded that this cross assignment of error was waived should the final decree of foreclosure be affirmed. Since our ruling is to affirm the final decree of the chancellor, we conclude that the plaintiff has waived its cross assignment of error.
The record reflects competent, substantial evidence concerning proof of the mortgage debt and of notice of default to sustain the chancellor’s final decree.
Affirmed.