300 So.2d 679 (1974)
OHIO REALTY INVESTMENT CORP., an Ohio Corporation, Petitioner,
v.
SOUTHERN BANK OF WEST PALM BEACH, Etc., et al., Respondents.
No. 42629.
Supreme Court of Florida.
July 26, 1974.
Rehearing Denied October 17, 1974.
L.M. Taylor and Frank E. Booker, Ryan, Taylor, Booker & Law, North Palm Beach, for petitioner.
John A. Gentry, III, Moyle, Gentry, Jones & Flanigan, West Palm Beach, for respondents.
DEKLE, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the District Court of Appeal, Fourth District, 264 So.2d 135 (1972), affirming per curiam two consolidated appeals, one from a final decree of foreclosure and the other from the trial court's denial of a motion to vacate and set aside a judicial sale. In addition to its disposition of the cause, the district court on motion awarded attorney's *680 fees to the Respondent Southern Bank of West Palm Beach, and as will later be shown, this provided us with conflict jurisdiction pursuant to Fla. Const., Art. V, § 3(b)(3), F.S.A., and therefore jurisdiction also to review other issues presented.
The case arose as a mortgage foreclosure by Respondent Southern Bank on property owned by Petitioner Ohio Realty Investment Corporation in Palm Beach County, Florida. The final decree of foreclosure entered August 19, 1971, directed sale of the property by the clerk of the circuit court at 11:00 A.M. on September 7, 1971. The sale was advertised for the above noted time but in fact did not take place until shortly before 2:00 P.M. on the afternoon of the sale date. Added to the peculiar sequence of events in this particular case is the fact that both sides had filed motions to vacate and set aside the final judgment and to cancel the date of sale and seeking (for different reasons) an amended final judgment. The bank's motion was heard and denied on August 30, one week before the sale. Petitioner's motion was left pending and was not heard until the very morning of the sale at 9:30 A.M., just 1 1/2 hours prior to the scheduled sale of the property by the clerk.
Petitioner's motion to vacate was denied and following the hearing the petitioner proceeded to the 2nd floor of the courthouse and filed with the circuit clerk his notice of appeal, directions to the clerk and assignments of error, whereupon the circuit clerk advised petitioner's counsel that the sale would not be held in view of the filing of the appeal. Later, when respondent's counsel arrived at the clerk's office and was informed that the sale would not occur, he immediately examined the documents which had been filed by petitioner's counsel and determined that the clerk's advice had been erroneous in that no supersedeas had been set. Thereupon attempts were made to reach the petitioner's attorney, but when these had failed, the property was then sold without petitioner's counsel having been contacted or so advised, at the different time from that set in the notice for 11:00 A.M.,[1] to Respondent Southern Bank, the mortgagee, sole bidder, who purchased the property for $91,329.86, the exact amount of the sum in default plus incidental costs.
Shortly after discovering that the sale had occurred despite the clerk's assurance, Petitioner Ohio Realty filed a motion to vacate and set aside sale which was denied by the trial court. Other motions of similar import were made and likewise rejected. Petitioner's grounds for setting aside the sale included not only the irregularity in the time of the sale, but also a charge that the sale price was inadequate under the circumstances, it being made known by petitioner's counsel by affidavit filed in support of his motion that at the time of the sale he held authority and was ready, willing, and able to bid $105,000.00 for the property on behalf of a third party, Sea Level Development, Inc.

IMPROPER SALE TIME
Respondent contends that the trial court did not err in denying petitioner's motion to vacate and set aside the sale, relying on this Court's decision in Mitchell v. Mason, 75 Fla. 679, 79 So. 163 (1918), as controlling. In Mitchell, as in the case sub judice, the sale occurred subsequent to a statement by the individual conducting the sale that it would not be held, resulting in a possible bidder not being present at the time the sale took place. There this Court upheld the sale, but in doing so placed great emphasis on two circumstances present in that case. First, it was specifically noted in Mitchell that the sale was not otherwise irregular:
"There is no question as to the regularity of the sale, such as lack of published notice, improper time, place, or *681 terms of sale, nor lack of jurisdiction of the court, nor authority of the special master to sell." (emphasis added) (79 So. 164)
Here, on the other hand, it is conceded that the sale of the property occurred almost three hours after the time of sale set by the trial court and for which it had been advertised to take place. While a three-hour gap alone may not be sufficient to set aside an otherwise valid judicial sale, it is a significant factor to be considered on a motion to vacate, especially when it is remembered that the object of this procedure is to bring about the sale of the property at as near its full market value as possible, and to assure this, to attract all possible bidders at the appointed hour of sale.[2]
Courts have an important interest in preserving the integrity of their sales and should closely examine any discrepancies between the notice of the sale as published and the conduct of the sale in fact. Only in this way can there be assurance that members of the general public have a realistic opportunity to participate in the sale and that the rights of those parties affected thereby are not prejudiced.
It is noteworthy that the Mitchell court was extremely hesitant to disturb the chancellor's ruling which had rejected the claim that the sale price was inadequate because of the absence of a possible bidder, where it appeared that the moving party there had waited over four years to file his motion to set aside the sale. Moreover, it was Mitchell's own attorney who misstated to the special master for conducting the sale that proper supersedeas stay had been obtained and bond duly posted when such was not the case, leaving a most serious question of good faith which is required to set aside such a sale. In this setting the Court felt no compulsion in resolving the motion against the tardy complaining party. This is made plain where it was stated:
"Upon a motion of this kind depending for its effectiveness upon ministerial errors which have not been brought to the attention of the court, no matter what the reason for delay, for many years afterwards, the court should require a very high degree of clearness and certainty in proof in every particular." (emphasis supplied)
Sub judice there could be no serious contention that Petitioner Ohio Realty acted tardily or was guilty of delay. Its motions to vacate and set aside the sale were both timely and persistent, the first coming within a week after the sale.
In short, our decision in Mitchell v. Mason, supra, is not controlling here, and we cannot escape the conclusion that reliance was erroneously placed on it, at least in part, by the trial court in denying petitioner's motion to vacate the sale.

INADEQUATE BID
As to the alleged inadequacy of the bid, we said in Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383, at p. 384 (1930):[3]
"[M]ere inadequacy of price is not sufficient to set aside a judicial sale, but `where such inadequacy is connected with, or shown to result from, any mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be set aside.'"
Upon examination of the record we are of the opinion that the willingness of the third party to have its bid made at the sale at a substantially higher amount than that for which the property actually sold, coupled with the discrepancy between the time at which the sale was advertised and the time at which it in fact occurred, are sufficient *682 grounds for setting aside the sale and allowing the property to be resubmitted for bid in a proper manner. Levy v. Gourmet Masters, Inc., 214 So.2d 82 (Fla. App.3d 1968). As was so eloquently stated by our late, revered Chief Justice Glenn Terrell in Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (1929):
"On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds."
Such a proper showing was made here as is evident from the foregoing circumstances. Of particular application is our holding in Lawyers Co-operative Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185 at 188 (Fla. 1894):[4]
"... where the inadequacy can be connected with or shown to result from any mistake, accident, surprise, misconduct, fraud, or irregularity, the sale will generally be vacated... . where the inadequacy of price at a judicial sale is the result of some mistake or misunderstanding, especially if such mistake or misunderstanding be that of the officer selling and where the party interested has been thereby prevented from attending the sale, it will be set aside."
We therefore hold that the trial court erred in failing to grant Petitioner Ohio Realty's motion to vacate and set aside the sale.

ATTORNEY'S FEES
This determination does not, however, conclude our consideration of the case, for as we noted at the outset the district court awarded Respondent Southern Bank attorney's fees on appeal, the basis of our initial conflict jurisdiction. The award was apparently a result of parallel provisions in the mortgage and promissory note whereby the mortgagor Ohio Realty would pay the mortgagee Southern Bank "reasonable attorney's fees" in the event of default and foreclosure. This award conflicts with our decisions in Luckhardt v. Pardieck, 142 So.2d 749 (Fla.App.2d 1962), and Lake Killarney Apts., Inc. v. Estate of Thompson, 283 So.2d 102 at 104 (Fla. 1973):
"Also before us is the District Court's order awarding attorney's fees to one of the respondents. The notes involved in this case do not contain any clause concerning attorney's fees on appeal. An award of such fees was error." (emphasis added)
Hence jurisdiction vested in this Court pursuant to Fla. Const., Art. V, § 3(b)(3), F.S.A., and the award of attorney's fees in the case sub judice was accordingly unwarranted.
Absent a clear indication in the promissory note that the parties intended the provision as to attorney's fees to include attorney's fees on appeal, allowance of fees on appeal is not proper; to hold otherwise would place an unwarranted penalty on the prosecution of an appeal by a mortgagor and add a premium to a mortgagee's appeal or resisting of a mortgagor's appeal. An attorney's fee on appeal is without the essential legal basis unless there is express language which meets the contractual prerequisite of "a meeting of the minds" required to provide the contractual basis necessary to recover such an attorney's fee, there being no applicable statute thereon.
Therefore, we again hold that the award of attorney's fees on appeal was error in the absence of a clear contract for such *683 fees. We expressly overrule anything to the contrary found in Empress Homes, Inc., v. Levin, Inc. v. Levin, 201 So.2d 475 (Fla.App.4th 1967), relied on by respondent as entitling him to this award.
Accordingly, the decision of the Fourth District Court of Appeal is reversed and the cause remanded to the Circuit Court with directions to grant Petitioner's Motion to Vacate and Set Aside Judicial Sale and to resubmit the property to judicial sale upon proper notice.
It is so ordered.
ADKINS, C.J., and ROBERTS and ERVIN, JJ., concur.
BOYD, J., dissents.
NOTES
[1] The notice of sale was not one fixed for a time, "during the legal hours of sale" or otherwise giving some latitude in the hour of sale. F.S. § 56.22.
[2] 19 Fla.Jur., Judicial Sales, § 12 (p. 572).
[3] See 19 Fla.Jur., Judicial Sales, § 41 (pp. 593-594).
[4] See Waybright v. Turner, 129 Fla. 310, 176 So. 424 (1937); Bridier v. Burns, 145 Fla. 642, 200 So. 355 (1941); Eristavi-Tchitcherine v. Miami Beach Fed. Savings & Loan Ass'n, 154 Fla. 100, 16 So.2d 730 (Fla. 1944); Cf. 19 Fla.Jur., Judicial Sales, § 42 (p. 595).