GRIMES, Acting Chief Judge.
This appeal attacks the propriety of a sheriff’s sale which was conducted to satisfy a judgment lien.
On July 22, 1971, R. M. Crow Company obtained a final judgment of $408.94 against the appellant in the Civil and Criminal Court of Record of Pinellas County. A writ of execution was issued on July 27, 1971, and was docketed with the sheriffs department the following day. The writ of execution laid dormant for several years because the judgment was deemed to be uncollectible.
In 1976 Crow learned that the appellant owned some real property which would lend itself to levy. The property was an office building located at 2646 Central Avenue, St. Petersburg, Florida. Instructions for levy were issued to the sheriff’s department.
On November 22, 1976, the sheriff’s department mailed a notice of sheriff’s sale and a copy of the instructions for levy to the appellant at 2640 Central Avenue, St. Petersburg, Florida. The notice stated that the property would be sold at public sale on Monday, January 3, 1976, at 11:00 a. m.
Pursuant to Section 56.21, Florida Statutes (1975), the sheriff’s department also caused the following notice to be published in a Pinellas County newspaper on November 26 and December 3, 10, 17, 1976:
“NOTICE OF SHERIFF’S SALE IN THE CIVIL AND CRIMINAL COURT OF RECORD OF PINELLAS COUNTY, FLORIDA
Case # 32,889
R. M. CROW COMPANY PLAINTIFF VS.
JAMES HELINGER, ETC. DEFENDANT
NOTICE IS HEREBY GIVEN that I, WM. T. ‘BILL’ ROBERTS, Sheriff of Pinellas County, Florida, by virtue of an Execution issued out of the above styled court on the 22nd day of July A.D., 1976, in the above styled cause, on behalf of the Plaintiff, R. M. CROW COMPANY have made levy upon the following described property:
Lot 6, Block 23, Hall’s Central Avenue, Sub # 1, Plat Bk 3, Page 39, Pinellas County, Florida aka 2640 Central Avenue, St. Petersburg, Florida
as the property of the above named defendant, JAMES HELINGER and further, I shall offer this property for sale ‘AS IS’ ‘WHERE IS’ and subject to all prior liens and encumbrances, if any, and without recourse, on Monday, the 3rd day of January A.D., 1976. at 11:00 A.M. at 315 Haven Street, Clearwater, Florida and will sell to the highest cash bidder, all right, title and interest of said defendant, JAMES-HELINGER in said property.
DATED at Clearwater, Pinellas County, Florida, this 19th day of November A.D., 1976.
WM. T. ‘BILL’ ROBERTS, Sheriff
Pinellas County, Florida
By /s/ Robert J. Falk, Lieutenant
Services Division
NIXON and FARNELL, Attys.
521 Oak Avenue
Clearwater, Florida 33516
PR-November 26; December 3, 10, 17, 1976”
A deputy sheriff hand delivered a copy of the instructions for levy and a sheriff’s notice of levy to one of the appellant’s sons inside the premises which were to be sold. The deputy also posted a copy of the notice of levy on the door of the premises. The date of the sale was not mentioned in either the instructions for levy or the notice of levy.
Appellant took the instructions for levy to his lawyer. The appellant’s attorney told Crow’s counsel that appellant thought he had paid the judgment. Crow’s lawyer said he would check this out and call back. He later advised appellant’s attorney that Crow had not been paid. Appellant’s counsel was never aware of the sale date, though he obviously had to have known that a sale was in the offing. While the scheduled date of the sale was not discussed during the two telephone conversations, there was nothing said between counsel which could be construed as a promise by Crow’s attorney to forego the sale.
The property was auctioned off at the courthouse on Monday, January 3, 1977, at 11:00 a. m. Larry Allen bid in the property for $40.30. A sheriff’s deed was issued to Mr. Allen.
Appellant learned of the sale a short time after it took place. He filed a motion to vacate the sale. Crow responded and Larry Allen intervened. At the hearing on the motion to vacate, appellant testified that he *124 had purchased the property about a year before for $45,000 and had since made about $5,000 worth of improvements on it. The record reflected that the property was encumbered by mortgages of $17,400 and $15,000. Appellant testified that the balance owed on the first mortgage was approximately $15,000. He contended that the second mortgage had been paid, but there was no satisfaction on record. The record also contained at least two other unsatisfied judgments against appellant to-talling $460.88. The appellant admitted receiving the instructions for levy mailed by the sheriff. He denied knowing of the datfe of the sale until after it occurred. The court denied the motion to vacate, and appellant has filed this interlocutory appeal from the post-judgment order.
Appellant argues that the published notice was defective because:
(1) The court is wrong. There is no longer a County Civil and Criminal Court of Record. Its jurisdiction has been replaced by the County Court.
(2) The date of issue of the execution is wrong since the notice stated it to be the 22nd day of July, 1976, when the execution was actually issued on the 27th day of July, 1971.
(3) The address of the property is stated incorrectly as 2640 Central Avenue whereas the correct address is 2646 Central Avenue.
(4) The date of sale is incorrectly stated in the notice as- the 3rd day of January, 1976, when the correct date of the sale was the 3rd day of January, 1977.
Appellant also argues that the levy was improper because it was based upon a writ of execution issued by the Civil and Criminal Court of Record of Pinellas County which was abolished by the 1972 amendment to Article V of Florida’s Constitution. He contends that Crow should have applied to the present county court for issuance of a second writ of execution upon the judgment.
We need not reach appellant’s attack on the writ of execution. We hold that the notice of sale was defective because the date of the sale was incorrectly published. The defective notice when coupled with evidence of an inadequate bid is sufficient to set aside the sale. Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679 at 681 (Fla.1974).
The trend of the law is to disregard technicalities. Yet, the publication of a proper notice of sale is more than a technicality. The purpose behind requiring publication of a notice of sale is that if the public at large knows of a forthcoming sale, there is more likelihood of the property being sold at a price which is reasonably commensurate with its full market value. At the very least, the notice should advise prospective bidders of the correct date, time, and place of the sale. We know of no authority which permitted the court below to take judicial notice that
“ . . . every January of every new year, many, many people refer to the prior year in using the date.”
While under the facts of this case appellant could probably be charged with the knowledge of when the sale was going to take place, this does not satisfy the requirement of proper notice to the public.
As the Supreme Court said in Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383 (1930):
“ . . . [T]he general rule is that mere inadequacy of price is not sufficient to set aside a judicial sale, but, ‘where such inadequacy is connected with, or shown to result from, any mistake, accident, surprise, misconduct, fraud, or irregularity, the sale will generally be set aside.’ ...”
The order denying the motion to vacate is reversed, and the sale is hereby set aside. The property may be resold at judicial sale upon proper notice.
OTT, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.