A. C. NELSON, LESLIE E. KEMP, & H. E. ORR, v.
CLIVE HANSARD.

197 So. 513
Division A
Opinion Filed August 2, 1940

We are asked to determine the propriety of the entry of
a temporary injunction which restrained appellants from
interfering with the possession by appellee of certain lands
under facts apparent from the bill of complaint, which are
as follows: In 1936, D. J. Bridier and wife leased the
property to J. P. Blasingame, and thereafter encumbered it
by mortgage to Cecil I. McDonald, who later assigned the
instrument to F. L. Hall. Then the assignee brought suit
to foreclose the mortgage and subsequent to the filing of the
bill, the original owners, lessors and mortgagors sold the
encumbered property to appellants, subject to the encum-
brance and to the rights of the lessee. On the 2nd day of
November, A. D. 1939, the lessee transferred his lease to
the appellee, and during the following month a final decree
was entered in the foreclosure suit, ordering that the prop-
erty be sold to satisfy the decree, and in obedience to the
court's instructions, the master advertised it for sale on
the 1st day of January, 1940. Meanwhile, in the month of
December, 1939, appellants, as landlords, instituted a pro-

ceeding in the court of the county judge against the appellee, as tenant, seeking the cancellation of the lease and the dispossession of the lessee for non-payment of the rent for the month of November, 1939, and the writ was returnable on the 2nd day of January, 1940, the day following that named in the master's notice of sale. It was alleged that in fact appellee had paid the rent for the months of November and December to appellants, "and relying upon * * * belief that said property would be sold for the failure of the defendants (appellants) to redeem said property, as provided by said final decree, did not offer any defense to said landlord and tenant proceeding." Immediately before the day advertised for the sale according to the bill of complaint, the court stayed the proceeding in equity, and on the 2nd day of January, 1940, the county judge's court, upon failure of appellee to offer any defense, entered a judgment against him and in favor of appellants, providing for the possession of the land, and consequently, a writ was issued, directing the sheriff of the county to remove all persons from the premises and to put the appellants in possession of them.

The evident theory of the bill and the one presented by appellee here, is that relief should be granted against the forfeiture which was worked by the judgment entered in the court of the county judge. We have said (Rader v. Prather, *et ux.*, 100 Fla. 591, 130 So. 15) that such relief will be granted in certain circumstances, and the facts related in that opinion are typical of the case where a court of equity should interfere.

Forfeitures are not favored. However, as was written in 12 Amer. Juris., page 1015, Section 435, "The law permits a man to make a contract which will result in a forfeiture; and when it is clear from the terms of the contract that the

parties have so agreed, a court of law as well as the court of equity, will enforce the forfeiture."

We find no unusual features disclosed in the allegations of the bill of complaint, which we have summarized, stamping the transaction here as one requiring the intervention of the court of equity in the issuance of an order nullifying the judgment of the common law court. The only alleged circumstances which we have found to contain merit, is the one that payment of the rent for the months of November and December was made.

It seems to us that the appellee was given the opportunity to present this defense in the proceeding against him by his lessor in the court of the county judge, and that his failure to show in that tribunal that he had discharged this obligation was chargeable solely to his own neglect. The Supreme Court of the United States has said in Leavenworth County v. Chicago, R. I. & P. R. Co., 134 U. S. 688, 33 L. Ed. 1064, 10 S. Ct. 708, that "Courts of equity do not sit to restore opportunities or renew possibilities which have been permitted to pass by the neglect, the ignorance, or even the want of means of those to whom they were once presented." The appellee cannot meet with any success in his argument that he was justified in ignoring a defense in the action to which he was a party because he anticipated the sale of the property under the foreclosure and expected to be the successful bidder. When property is exposed under a decree of foreclosure, the purpose is to invite as many prospective purchasers as possible, and no one can be assured that his bid will be the highest.

There is a total absence of any element in the facts, as we understand them, to convince us that a court of conscience should have stepped in and granted appellee relief from an unfortunate situation, traceable to his own neglect.

Even if it were established by proof that he had paid rent for the months of November and December, and default in those payments was the basis of a proceeding in the county judge's court, it seems that to have granted him an opportunity to present such facts in the court of equity would mean the substitution of a proceeding in that court for defenses available to him to which he did not resort because of his indifference. The record does not disclose that he made any effort to have the judgment set aside, or that he took advantage of his right to writ of error. Instead of either of these courses, he elected to seek aid in equity four days after the entry of the judgment.

Concluding thus, it is ordered that the writ of certiorari be granted and that order denying the motion to dissolve the temporary restraining order be quashed.

TERRELL, C. J., and BUFORD, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.