D. J. BRIDIER, et al., Appellants, Joined by H. E. ORR, et al., Co-petitioners, v. J. H. BURNS, Appellee, and CLIVE HANSARD, et al., Co-respondents.

200 So. 355

Division B

Opinion Filed January 14, 1941

Rehearing Denied February 11, 1941

*Walter Hardesty,* for Appellants;

*Thomas N. Tappy, George F. Gilleland* and *Curtis H. Gardiner,* for Appellees.

CHAPMAN, J.—The record in this case discloses that certain mortgaged property situated in Volusia County, Florida, on May 6, 1940, was sold by H. E. Couchman, special master in chancery, to satisfy the terms of a final decree. The property was advertised in a newspaper published at New Smyrna Beach in Volusia County, prior to the sale. A report of the sale was made to the chancellor below and objections filed to the confirmation thereof, as well as to an order confirming the execution and delivery of a deed thereto.

Objections, in part, were made in opposition to the confirmation of the sale and delivery of the deed because a supersedeas bond had been lodged with the Clerk of the Circuit Court of Volusia County in conformity with an order made by Honorable George W. Jackson, a Circuit Judge of Volusia County, Florida. The supersedeas bond was not approved by the Clerk of the Circuit Court, notwithstanding the fact that the sureties were worth several times the amount of the bond. The amount thereof as fixed by the

Circuit Judge was the sum of $1,500.00 and the bond was signed by F. M. Ford and H. E. Orr, as sureties. An affidavit was made by H. E. Orr that he was worth the amount of the bond in excess of all debts, liabilities and exemptions; and the Tax Assessor of Volusia County, Florida, certified that the sureties had assessed to them property worth in the sum of approximately $11,500.00.

The general rule of law that shall guide a court in reaching the proper conclusion when considering objections to the confirmation of a judicial sale is; that mere inadequacy of price is not sufficient to set aside a judicial sale but where such inadequacy is connected with or shown to result from any mistake, accident, surprise, misconduct, fraud or irregularity, the sale will generally be set aside. See Cleveland Mortgage & Inv. Co. v. Gage, 144 Fla. 758, 198 So. 677; Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383; Collins Avenue & Ocean Inv. Co. v. Crawford, 114 Fla. 469, 154 So. 211; Tanner v. Batson, 123 Fla. 240, 166 So. 545; Waybright v. Turner, 129 Fla. 310, 176 So. 424; Crichlow v. Equitable Life Assur. Soc. of U. S., 131 Fla. 752, 180 So. 382; Mitchell v. Mason, 75 Fla. 679, 79 So. 163; Marsh v. Marsh, 72 Fla. 142, 72 So. 638; Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. 995; Lawyers' Co-operative Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185. The sale was made for the sum of $4,500.00 and an affidavit appears in the record in support of the objection to the confirmation of the sale and the execution of a deed and a statement thereof is, viz.: "Your orator is ready, willing and able to pay for said property the sum of $7,000.00." Numerous affidavits in support of and in opposition to the order of confirmation appear in the record. Quite a number of attorneys appeared as counsel but orders

of the court approving the severance of the relation of attorney and client do not appear in the cause.

The record contains many affidavits bristling with heat, friction and virus, charges and counter charges, but when the merits thereof are considered, we are faced with the conclusion that the same have but little, if any, value in assisting the Court in reaching a just and equitable conclusion as between the litigants. It is possible that some of the legal rights of the litigants have been overlooked or not thoroughly considered under these conditions. This case comes here for the second time. See Nelson v. Hansard, 143 Fla. 898, 197 So. 513.

The case is before this Court on petition for a writ of certiorari under Rule 34 of this Court and on appeal taken on November 6, 1940. The motion to consolidate the two is hereby granted and the motions to dismiss the appeal filed in this Court on November 30, 1940, is hereby denied.

Section 4 of the Declaration of Rights of the Constitution of Florida provides:

"All courts in this State shall be open, so that every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay."

It is our conclusion that the legal rights of the litigants to this cause have not been thoroughly considered, superinduced, in part, by the bickerings, wrangles and squabbles of counsel appearing from time to time in the cause and their partisans. There is a very strong presumption by the record that the sureties to the supersedeas bond owned property sufficient in value to make a good and lawful bond as contemplated by the supersedeas order.

The order of the lower court recorded May 9, 1940, confirming the sale of the Special Master and the order recorded May 9, 1940, confirming the execution of the Master's deed are each hereby reversed and the Special Master's deed is declared null and void. The case is remanded for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

TERRELL, C. J., WHITFIELD and BROWN, J. J., concur.

## ON PETITION FOR REHEARING

CHAPMAN, J.—On petition for rehearing the attention of the Court has been directed to the filing of notices of appeal from orders and decrees entered in the lower court in the case at bar. We have re-examined the record with these suggestions before us and find that notices of appeal from numerous orders have been taken, but these appeals have not been perfected or brought to the attention of the Court by counsel entering the appeals; and briefs have not been filed on the part of counsel, or request made for oral argument thereof as required by the rules of this Court, and it is reasonable to assume that each of the said appeals have been abandoned by counsel in this cause and we so hold, and the same are each hereby dismissed for the failure of counsel to prosecute the same.

It is further contended that the decision of this Court adopted on January 11, 1941, will cause financial losses to the purchaser of the mortgaged property at the void master's sale. We refrain from a consideration of this question until the same can or may be presented on its merits. to a court of competent jurisdiction and the same comes to this Court in an orderly proceeding.

We do not think the petition here justifies this Court in

again going into the property holdings and qualifications of the sureties on the supersedeas bond, as the question was carefully considered in the original opinion. It is our conclusion that the rights of the litigants to this suit were overlooked in the disputes and bickerings of counsel appearing in the case from time to time, and for this, and other substantial reasons appearing in the record, we conclude that the ends of justice require that the mortgaged property be re-advertised and sold under the terms and provisions of the final decree entered by the chancellor below dated December 8, 1939.

The petition for a rehearing is hereby denied.

BROWN, C. J., WHITFIELD and TERRELL, J. J., concur.