J. D. BRIDIER, *et al.,* v. J. H. BURNS, *et al.*

4 So. (2nd) 464

En Banc

Opinion Filed November 4, 1941

*J. Lewis Hall* and *B. F. Brass,* for Appellants;

*Hull, Landis & Whitehair* and *J. Compton French,* for Intervenors, Clive Hansard and Olivia Hansard, Appellees.

CHAPMAN, J.—On May 7, 1938, a bill of complaint to foreclose a mortgage was filed in the Circuit Court of Volusia County, Florida, and numerous parties were made defendants, and the case was heard by the chancellor below and a final decree entered therein on December 8, 1939. On this final decree a Special Master's sale was had on May 6, 1940, when the purchaser thereof at the Special Master's sale received a Special Master's deed, the possession of the property delivered, and a report of the sale was made to the chancellor, and the sale so made, by appropriate order, was confirmed, inclusive of the execution and delivery of a Special Master's deed.

On an appeal to this Court from the order confirming the sale and the execution and delivery of a Special Master's deed, the said confirmation order, inclusive of the execution and delivery of the deed, was by this Court reversed. See Bridier v. Burns, 145 Fla. 642, 200 So. 355. The final decree became absolute.

On a petition filed in this Court on the part of D. J. Bridier and Grace D. Bridier, his wife, and H. E. Orr seeking and praying for an order to be made and entered directed to the chancellor below to immediately carry out and execute each and every the terms of the final decree dated December 8, 1939, and an answer to said petition having been filed by Clive Hansard and wife, Olivia Hansard, in objection to the entry of said order; and the said issues made thereby were duly presented to this Court, as well as briefs in support thereof, and oral argument having been made by counsel for the respective parties, and it has been made to appear, from an examination of the record, that Clive Hansard and wife, Olivia Hansard, are now in possession of the mortgaged premises and since going into possession thereof they and each of them have collected or caused to be collected rents from the tenants holding under the said Hansards and in addition thereto, it is alleged, the Hansards have made permanent improvements to said property.

The record discloses that H. E. Orr acquired title to the property, subject to the mortgage, as now represented by the final decree, which is now absolute; that Walter Hardesty acquired certain interests in the property through or under H. E. Orr and that the said Walter Hardesty conveyed such interests so acquired into Rio Vista incorporated. From an examination of the record, we assume that Clive Hansard and wife, Olivia Hansard, went into possession of the mortgaged premises under the Special Master's deed which this Court has since rendered null and void, and the said Hansards, since going into the possession under the Special Master's deed, are collecting rents from the tenants in possession of the property under

them, and it is alleged that the possession of Clive Hansard and wife, Olivia Hansard, H. E. Orr, and Rio Vista Incorporated are subordinate to and their respective claims of possession are inferior and junior to the aforesaid final decree.

The petition to render the mandate effectual and the answer thereto, disclose pleadings on the part of the respective parties, filed in the cause, since the going down of the mandate herein. A study of these pleadings filed by the parties and the order of the chancellor thereon, discloses the fact that the chancellor below now entertains the view that the interest of the respective paries litigant should by him be heard, considered and determined and that the claims of the parties as disclosed by the pleadings should be set at rest by appropriate orders or decree on the part of the chancellor prior to the sale of the mortgaged premises under the terms and provisions of the final decree. The views of the chancellor, as garnered from the record, with reference to the adjudication of the interests of the parties prior to the sale of the mortgaged premises under the terms and provisions of the final decree, are erroneous and are unauthorized by the mandate of this Court. The conflicting claims of the respective parties, inclusive of an accounting on the part of the Hansards, can or may be heard and determined by the chancellor, after notice, on motion for distribution of proceeds of sale.

The chancellor below is directed to proceed immediately to carry out the mandate of this Court previously issued in this cause by executing or causing to be executed the terms and provisions of the final decree dated December 8, 1939.

It is so ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, THOMAS and ADAMS, J. J., concur.