## Lewis et al. v. Shepherd.

Feb. 4, 1944.

H. L. Bryant and Cleon K. Calvert for appellants.

J. B. Carter, Astor Hogg and H. C. Clay for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

By this appeal we are called upon to again review the judgment described, and, in all of its major particulars, approved in the case of Lewis v. Creech et al., Ky., 176 S. W. (2d) 898. On that appeal, appellants' counsel overlooked the fact that they had failed to make the present appellee a party, and vigorously urged that the judgment awarding her a lien was erroneous, and should be reversed. Recognizing our inability to either affirm or reverse so much of the judgment as related to appellee's claim, we, nevertheless, after calling attention to the oversight, and in the hope of obviating the necessity for a further appeal, expressed the view that she was entitled to the relief awarded. Since we there set forth and answered appellants' arguments respecting the propriety of the judgment in favor of the appellee, the present appeal, which is prosecuted on the same record, is, in effect, a petition for a re-hearing, and may be summarily disposed of with the statement that upon a re-consideration of all the questions involved, we are convinced that our former opinion was correct.

It is urged, however, that even though our conclusions as to the applicable law were proper, the amount awarded appellee was excessive. It is pointed out that the rents collected by her were in excess of what the interest would have been on the amount which the Chancellor found represented the enhancement in value created by the improvements which she erected plus the amount paid by appellee for taxes. But it is not shown that the lot without the improvements had a rental value, much less, a rental value in excess of the interest on the purchase price of the lot plus the taxes thereon which appellee paid; and since the Chancellor did not allow appellee interest on any part of the claim, or reimburse her for the taxes paid, we can conceive of no principle of equity which would entitle appellant to any part of the theoretical profits derived by appellee as the result of expenditures made by her for improvements. Actually, she may sustain a loss, since the

amount awarded her by the Chancellor as representing the enhancement in value created by the improvements is substantially less than the improvements cost her. Her claim differs materially from that of Frazier, who derived the rents for which he was required to account from improvements erected prior to his purchase. Hence, the rents did not belong to him, but to the Bank; and in determining the amount necessary to make him whole, an accounting of the rents was proper. On the other hand, appellee, in equity, must be regarded as the owner of the improvements, which she would have been entitled to remove, if the removal could have been accomplished without injury to the lot.

Judgment affirmed.