PER CURIAM.
These consolidated appeals are by defendants from a decree and two subsequent orders. Suit was brought for foreclosure of two inferior mortgages. The one which was first in time encumbered numerous parcels aggregating a score of lots. The other encumbered the same and additional property.
While a ruling relating to the later of the two mortgages was appealed, the trial court proceeded with the foreclosure of the other. A foreclosure decree was entered October 8, 1964, finding $189,758.03 due thereon. The decree ordered sale on October 22, 1964, on the required published notice. On October 20, 1964, two days before the advertised sale, the decree was amended and supplemented by an order which increased the amount due thereunder by $53,848.69 and $500 attorney’s fees. The increase represented a payment made by plaintiff on a superior mortgage subsequent to the decree of October 8.
On the foreclosure sale held on October 22 the plaintiff became the purchaser. Thereafter the court denied objections filed by defendants and confirmed the sale by an order dated November 10, 1964. The appeals taken by defendants from the foreclosure decree and the above described two subsequent orders were consolidated. The several contentions presented by the appellants have been considered and are found to be without merit, except for the point discussed below.
Appellant contends, and we agree, that the material change and addition to the foreclosure decree after publication of required 7-day notice, and two days before the sale, vitiated the notice. This is so because the statutory provision for notice of foreclosure sale requires that the decree specify a day for the sale not less than ten nor more than thirty days after the date of the decree, and for notice of sale to be published at least seven days prior to the sale. Also, the statute [§ 702.02(2) (c)] provides that the notice of sale shall specify the final decree of foreclosure under which the sale is to be held. Those requirements are not met if the decree is substantially changed after the published notice of sale. Here the sale was held less than ten days after the decree as amended, and the notice was less than seven days and did not refer to the decree as changed and amended.
For the appellee it was argued that if any irregularity occurred in connection with the sale, the appellants were not entitled to complain because they did not attend the sale, seek to purchase the property on foreclosure, or otherwise show any harm resulting to them. That argument of appellee is without merit. In this state, by statute, mortgages must be foreclosed by a suit in equity. § 702.01, Fla.Stat., F.S.A. The rules of practice prescribe the nature of such proceedings and the statute relating to foreclosure is specific as to the time when sale can be had, the time for publication of notice thereof and the contents of the notice. § 702.02, Fla.Stat., F.S.A. One whose rights in property are divested by foreclosure is entitled to have the proceedings conducted according to due process of law. This is not accomplished when the provisions for notice and advertisement for sale as prescribed by statute are substantially departed from. First Federal Savings & Loan Ass’n v. Porter, 408 Pa. 236, 183 A.2d 318, 324; 59 C.J.S. Mortgages § 606. Here such departure from the statutory requirements was brought to the attention of the chancellor by timely objection to the sale.
Accordingly the foreclosure decree of October 8, 1964 and the supplemental decree of October 20, 1964, increasing the amount thereof are affirmed. The order of November 10, 1964, denying the objections of defendants and confirming the foreclosure sale is reversed; and the cause is *628 remanded to the circuit court with directions to make provision for a resale at plaintiff’s cost under the foreclosure decree of October 8, 1964, as amended by the order •or decree of October 20, 1964.
Affirmed in part and reversed in part and remanded.