PER CURIAM.
These are consolidated appeals of a final decree and orders entered in a mortgage foreclosure suit.
The plaintiff filed a complaint to foreclose two mortgages. The first mortgage had been executed in July, 1963, the second in November, 1963. The July mortgage encumbered certain parcels while the November mortgage encumbered additional parcels as well as some of the parcels encumbered by the July mortgage.
In the foreclosure decree of the July mortgage the chancellor held that, “This final decree does not eliminate any lien which the plaintiff, (mortgagee) Equity Capital Company has on any of the subject property * * * by virtue of its * * * *740 [November] mortgage * * At the foreclosure sale of the July mortgaged property, plaintiff-mortgagee was the successful bidder; but that sale was set aside. See 601 West 26 Corp. v. Equity Capital Company, Fla.App.1965, 174 So.2d 626.
Meanwhile, before this court’s disposition of the appeal in that case, the November mortgage was foreclosed, and the chancellor eliminated from the ensuing sale those parcels included in the November mortgage which had been sold at the sale pursuant to the foreclosure of the July mortgage.
The remaining lands encumbered by the November mortgage were sold but failed to bring sufficient monies to satisfy the mortgage debt. A deficiency judgment was then entered against the defendant for One Hundred Thousand Dollars.
The determinative points in the appeal are: (1) whether the notices of sale comply with the statutory requirements, (2) whether the trial court erred in excluding from the foreclosure sale three parcels of property which were specifically encumbered by the mortgage being foreclosed, and (3) whether the trial court erred in entering a deficiency decree for the plaintiff.
The property sold pursuant to foreclosure of the November mortgage involved parcels located in both Dade and Broward counties. Section 702.04, Fla.Stat., F.S.A. requires that a notice of sale be published in each county wherein any of the lands to be sold lie. The plaintiff did publish notices in both counties but, neither of the notices included a description of all the property to be sold. The Dade County notice listed only the property in Dade County and the Bow-ard County notice mentioned only the property in Broward County. Upon reading either notice one would be led to believe that the property listed is the only property to be sold and that by bidding on the advertised parcel, he could acquire title thereto. Such however is not the case. The bidder was required to bid on both parcels of land if he wished to buy either. Section 702.02(2), Fla.Stat., F.S.A. provides, inter alia:
“Such notice shall be concise and shall contain: (a) a description of the property to be sold * *
Neither of the public notices contained an accurate description of the property to be sold and, as such, failed to adequately inform the public of what was to transpire.
 The mortgage foreclosure procedures are of a statutory origin and must be strictly construed. As this court stated in 601 West 26 Corp. v. Equity Capital Company, supra:
“One whose rights in property are divested by foreclosure is entitled to have the proceedings conducted according to due process of law. This is not accomplished when the provisions for notice and advertisement for sale as prescribed by statute are substantially departed from.”
In light of our views as above expressed, the notices of sale in this case fail to comply with the law, therefore, a new sale is ordered.
Turning to the question of the excluded parcels, it would, in our view, be grossly inequitable to permit a mortgagee to have excluded from a sale pursuant to foreclosure of a junior mortgage, parcels of land on which he affirmatively retained that junior lien in favor of himself upon foreclosure of his senior lien. To permit such a procedure would adversely affect the rights of the mortgagor at both foreclosure sales.
It is therefore ordered that the decree of foreclosure be modified in accordance with the views herein expressed, and that when so modified it stand affirmed; the order affirming the sale is reversed, and a resale is ordered to be conducted in accordance with our holding; the deficiency decree and judgment is reversed with leave for plaintiffs to reapply therefor, if after *741 resale it appears that there is a basis for such relief.
Affirmed in part and reversed in part and remanded for further proceedings not inconsistent with the views expressed herein.