PER CURIAM.
This cause was originally submitted to this court by an appeal which resulted in an opinion and decision of reversal, reported as 601 West 26 Corp. v. Equity Capital Company, Fla.App.1965, 174 So.2d 626, which opinion concluded with the following language:
“Accordingly the foreclosure, decree of October 8, 1964 and the supplemental decree of October 20, 1964, increasing the amount thereof are affirmed. The order of November 10, 1964, denying the objections of defendants and confirming the foreclosure sale is reversed; and the cause is remanded to the circuit court with directions to make provision for a resale at plaintiff’s cost under the foreclosure decree of October 8, 1964, as amended by the order or decree of October 20, 1964.”
Subsequent to the mandate of this court issuing on said opinion, the chancellor held proceedings purportedly on a motion to set r down terms and conditions of foreclosure i sale and, thereafter, entered an order on July 16, 1965, entitled “Order Amending Partial Final Decree of Foreclosure and Setting Terms and Conditions of Resale”, wherein he increased the amount of the final decree of October 8, 1964, as amended on October 20, 1964, by an additional $96,654.12 consisting of some allowable items and many which are not allowable.
On consideration of the motion and response thereto and the briefs and arguments of counsel, we hold the trial court’s order of July 16, 1965, which increased the amount of the final decree by more than $96,000, was not in compliance with the previously issued mandate of this court which had directed that the mortgaged property be resold on the prior decree of October 8, 1964, as amended by the order or decree of October 20, 1964. It is therefore ordered that the trial court’s said order of July 16, 1965, be. and it hereby is quashed and set aside.
However, appellees have called our attention to the case of Bridier v. Burns, 148 Fla. 397, 587, 4 So.2d 464, 853, from which we conclude that the simple direction in our previous mandate for resale on the basis of the original decree was inadequate and requires modification because it did not take into consideration the matter of possession pending a new foreclosure sale, and the need for accounting between the parties with respect to charges and credits subsequent to the original decree, to be determined prior to resale.
In Bridier v. Burns, supra, a similar situation was presented. There the Supreme Court set aside an improper foreclosure sale and directed resale on the basis of the original decree. See Bridier v. Burns, 145 Fla. 642, 200 So. 355. Subsequently one claiming under the mortgagors moved for an order to compel compliance with the mandate, contending the chancellor improperly refused to return possession to mortgagors pending the resale. The motion also sought direction for an accounting as to rents and credits prior to resale. In ruling thereon (4 So.2d 853) the Supreme Court held the mortgagors were entitled to possession pending resale, and also directed the requested accounting.
*896 As to possession, the Supreme Court said:
“When the special master’s deed and the order confirming the delivery thereof were held invalid, the owner of the equity of the redemption was entitled, in the absence of some lawful reason, to the possession of the mortgaged premises. The petition filed in the lower court for an order of restitution appears to he fully sustained by the record and it was error on the part of the chancellor to deny said petition. * * * ”
The Supreme Court then directed the chancellor as follows:
“ * * * [T]he chancellor below is directed (a) to carry out the mandate of this court previously issued in this cause and in so doing he is hereby directed to make and enter an order instanter restoring the possession of the mortgaged premises to H. E. Orr, the owner of the equity of redemption, and to issue process necessary to render effective the order of restoration.”
Regarding accounting, the court said:
“Counsel for movant insist that the order of November 4, 1941, should be modified, because, as it now stands, confusion and uncertainty exist and it creates a hardship on all the parties; that the Hansards, if a resale is had immediately, will become, because of the circumstances, preferred bidders, and possess an advantage over all others in that they went into the possession of the property and collected large sums of money in the form of rents and profits; claim and assert large sums of money are due them for betterments to the property made in good faith, and that an adjudication thereof by a court has not been had or the amount made known to other bidders; that all bidders at the resale should stand on the same level and a decree of the court determining the respective conflicting items should be entered, after all the evidence is adduced, and in this manner no preference will be allowed any particular bidder over others. We think there is merit to this contention. An accounting should be had on the part of the Hansards and the exact amount decreed due and payable, if any, in addition to the amount due under the terms of the final decree dated December 8, 1939, now absolute; and that all relevant, disputed and conflicting items or claims now existing between the parties incident and material to the foreclosure proceedings should be determined and set at rest by a decree of the court prior to a resale of the mortgaged premises.”
The Supreme Court then directed the chancellor with reference to the accounting as follows:
“The chancellor below is further directed (b) to make and enter an order requiring the parties to file pleadings, thereby arriving at issues as to the credits and debits which have accrued since the entry of the final decree and thereafter hear all the evidence and testimony that may be adduced by the respective parties; and, after notice to and hearing of counsel, make and enter such a decree as shall be determinative of and place at rest all the lawfully relevant, disputed, and conflicting items or claims now existing between the parties incidental and material to or growing out of the mortgage foreclosure proceedings.”
In the instant case it is disclosed on the record that during the pendency of the foreclosure proceeding possession of the mortgaged property was placed in the hands of a receiver appointed by the chancellor, and so remained until possession was given to the plaintiff mortgagee after foreclosure sale. In the Bridier case, in which *897 the court returned possession to the mortgagor, the Hansards, who were the purchasers at the foreclosure sale which was set aside, were not the mortgagees. Here, however, where the foreclosure purchaser was the mortgagee, it would not be proper under the law to require the mortgagee in possession to surrender the premises to the mortgagor (or to a receiver unless need for the latter should appear) pending accounting and necessary resale. This is so because it is established that a mortgagee who acquires possession of property in good faith on a foreclosure sale which later is set aside holds as a “mortgagee in possession,” entitled to retain the property until the mortgage debt is paid or redeemed, or the property foreclosed. Bryan v. Kales, 162 U.S. 411, 16 S.Ct. 802, 40 L.Ed. 1020; Ponca City Building & Loan Co. v. Graff, 189 Old. 410, 117 P.2d 514; Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329; 37 Am.Jur. Mortgages §§ 795, 796; Annot., 115 A.L.R. 339; Annot., 40 L.R.A. (n. s.) 839, 842.
With reference to an accounting such as was directed in the Bridier case, certain matters appearing on the record are entitled to consideration. The mortgage encumbers the real estate (consisting of land and apartment buildings), fixtures and certain appliances, but does not encumber the furniture and furnishings. The mortgage in question is one of a nest of mortgages covering this and other interlocking properties. Those circumstances will be of importance to the chancellor in considering credits to be allowed to the plaintiff-purchaser for the period of occupancy subsequent to the first foreclosure sale.
Whereupon, the terms and provisions of our former opinion in this case dated April 27, 1965, are modified and amended to direct the chancellor to order the.filing of pleadings by the parties and thereby arrive at issues as to the debits and credits which have accrued since the final decree of October 8 as amended October 20, 1964, and after hearing evidence thereon to further amend and supplement the final decree accordingly. Such accounting shall include, but not necessarily be limited to, the following items: The reasonable rental value of the mortgaged property for the period from the initial foreclosure sale which was set aside, to be charged to the plaintiff-purchaser as the mortgagee in possession and applied against the mortgage indebtedness; credits to be allowed to the plaintiff-purchaser for payments, made with reference only to the property described in the mortgage, for taxes, insurance premiums and necessary repairs; the increase in value, of the mortgaged property from improvements thereto; payments on superior mortgages made for the protection of the security; interest on said payments; interest on the principal found due in the decrees of October 1964, from date of decree to date of order to be made on accounting and for resale; and reasonable expense of operation. See Bridier v. Burns, supra, Joyner v. Bernard, 148 Fla. 649, 6 So.2d 533; Joyner v. Bernard, 153 Fla. 372, 14 So.2d 724; Miami Gardens v. Conway, Fla.1958, 102 So.2d 622; Lewis v. Shepherd, 296 Ky. 546, 177 S.W.2d 891; Soper v. Foster, 256 Ky. 157, 75 S.W.2d 1080; Reeder v. Mitchell, 131 Okl. 126, 268 P. 283; Sloane v. Lucas, 37 Wash. 348, 79 P. 949; 36 Am.Jur., Mortgages §§ SOS-313, 317; 59 C.J.S. Mortgages § 765, pp. 1422-1423; 2 Wiltsie, Mortgage Foreclosure, 4th ed. § 765; 3 Jones, Mortgages, 7th ed. §§ 1678, 1681. Following completion of the proceedings as above directed the chancellor shall order a resale of the mortgage property on the basis of the earlier decree as thus revised.
It is so ordered.