HENDRY, Chief Judge.
This cause came before the lower court on an opinion reported as 601 West 26 Corp. v. Equity Capital Company, Fla. App.1965, 178 So.2d 894, and mandate of this court issued on said opinion.
By its amendment to the final decree of foreclosure, the lower court determined that the plaintiff, Equity Capital Company, is entitled to recover as of March 3, 1966, the sum of $106,604.02, which represents the excess of disbursements over receipts in accordance with the accounting as required by the mandate. The court-appointed appraiser was awarded the sum of $5,-500.00.
Defendants contend that the chancellor erred in entering a final decree which failed to comply with the opinion and mandate of this court and included numerous improper allowances.
The lower court has complied with the mandate of this court and defendants have failed to clearly demonstrate error in its amendment to final decree. However, we feel that one of the alleged improper allowances requires comment. The defendants allege that the plaintiff was awarded $75,405.37 for expenses of operation which included $15,293.69 for necessary repairs and a separate amount of $15,831.00 for necessary repairs, thus, recovering twice for this item.
Defendants confuse the ordinary day to day expenses for repairs and maintenance claimed as expenses of operation and what plaintiff refers to as “necessary expenses.” In its motion in accordance with mandate, plaintiff claims $15,293.69 for repairs and maintenance under expense of operation. The sum is not broken down. In addition, a claim is made for $16,720.14 under neces *56 sary repairs which is itemized into eight particular expenses. The above expenses are for the period November 10, 1964 through December 31, 1965. The certified audit for the period November 10, 1964 through October 31, 1965, reflects cash disbursements for repairs and maintenance in the sum of $29,466.57, with a footnote which indicates that this figure includes expenditures totalling $16,720.14 which were classified as “necessary repairs” by mortgagee. The necessary repairs are itemized in the audit.
The audit report for the period November 1, 1965 through December 31, 1965 was presented at trial but is not in the record on appeal. However, the record reflects that repairs and maintenance for the operation of the building complex from November 10, 1964 through December 31, 1965, amounted to $15,293.69. The bills to substantiate the audit report were presented to the court. In addition, each item included in “necessary repairs” is discussed in the record. Some confusion does exist because the amount of $16,720.14 claimed as necessary repairs is reduced to $15,831.00 in the decree. The plaintiff in its brief explains that two items included in necessary repairs, landscaping, $335.00, and signs for building, $554.14 were improper and deducted from the total, leaving the sum of $15,831.00.
Our review of the record discloses the court correctly included the amount of $15,-293.69 for ordinary repairs and maintenance in the expenses of operation and a separate amount -of $15,831.00 for expenses classified as “necessary repairs.”
Defendants also assert that the decree failed to provide for costs of $294.25 incurred by them in prior successful appeals, and plaintiff does not deny that/defendants are entitled to said costs. Therefore, the decree is modified to tax costs against the plaintiff in the sum of $294.25.
The decree as modified is affirmed.
Affirmed.