CHARLES CARROLL, Judge
(concurring in part and dissenting in part).
I concur in the holding of the majority that the decree should be affirmed except in the respect in which it is found necessary that it be modified, and I concur in the modification to allow the defendant-appellants their costs incurred on prior successful appeals ($294.25). But I dissent from the decision of the majority not to further modify the present decree to eliminate a credit allowed by the chancellor to the plaintiff-appellee of $15,293.69 for repairs in addition to the credit of $15,831 which he allowed for the “necessary repairs.”
On the prior appeal (178 So.2d 894) in which direction was made for the accounting that resulted in the order amending the decree which is now under review, it was made to appear that the plaintiff, who had purchased the mortgaged property at the sale that was set aside, and who had continued to hold the property as a “mortgagee in possession” for the period involved, had expended considerable amounts in improving and renovating the mortgaged property as a new owner might choose to do. Recognizing that expenditures which the mortgagee in possession may have made on the property, above those necessary to be incurred for its care and preservation, were not to be charged to the defendants, our directions relating to the accounting limited the credit to be allowed to plaintiffs for such expenditures to the “necessary repairs.”
In a motion filed by plaintiff setting out debits owed and credits claimed, plaintiff sought credit for “necessary repairs,” and listed the items claimed as such, totaling $16,720.14. In the order amending the final decree the chancellor allowed the plaintiff credit for “necessary repairs” in the amount of $15,831, after excluding from the items claimed in the plaintiff’s motion $554.14 requested for “Signs” and $335 requested for certain landscaping and resetting of trees.
*57 Separately in its motion for credits, the plaintiff had claimed $75,405.37 for expenses of operation of the premises for the period involved. That total was made up of numerous items listed in the motion, all of which were allowed by the chancellor as claimed. Included therein was one for repairs in the amount of $15,293.69.
The evidence dealt adequately with the items which were claimed by the plaintiff as “necessary repairs.” The other repairs for which credit was sought, in an amount substantially equal to that which was claimed and allowed for “necessary repairs,” were not treated by the plaintiff in its motion or by the chancellor in his order as falling in that category; nor did the evidence show them entitled to be so classified.