PER CURIAM.
601 West 26 Corp., a defendant below, appeals from a deficiency judgment entered *772 against it in a mortgage foreclosure suit. Earlier appeals in the cause, which concerned other matters, are reported in 174 So.2d 626; 177 So.2d 739; 178 So.2d 894; and 198 So.2d 55.
In response to the plaintiff’s motion for deficiency judgment the defendants filed an answer asserting certain equitable defenses relied upon, and averring that the entry of a deficiency judgment would be untimely and inappropriate because there was pending and undetermined in another division of the circuit court a suit to redeem, filed by a junior encumbrancer, Myron Sponder, who had not been joined as a defendant in the foreclosure suit.[1] In addition, the defendants filed a separate motion to stay the proceedings on the motion for a deficiency judgment, because of the pendency of the separate suit to redeem.
When the motion for deficiency judgment came on for hearing before the court on September 9, 1969, the matters raised by the defendants, other than as to the pendency of the Sponder suit to redeem, were not concluded; authority was granted to file memoranda of law as to the effect of the suit to redeem; and the matter was reset to be heard on December 3, 1969. Thereafter, on September 24, 1969, prior to the filing of the memoranda of law and without further hearing, the court entered the deficiency judgment to which this appeal is addressed.
We agree with the contention of the appellant that in view of the showing of the pendency of Sponder’s suit to redeem it was error to enter the deficiency judgment. It may well be, as the defendants represented in their motion for stay, that the outcome of the Sponder suit to redeem could remove in substantial part the basis for claiming any deficiency. Only if the determination of the Sponder suit to redeem results in the continued existence of the deficiency (if Sponder does not redeem), or some part thereof (in event Sponder does redeem), would it be necessary to consider the merits of the plaintiff’s motion for a mortgage foreclosure deficiency judgment as tested against the equitable considerations interposed by the defendants. See § 702.06 Fla.Stat., F.S.A.; Kurkjian v. Fish Carburetor Corp., Fla.App. 1962, 145 So.2d 523.
Judgment reversed.

. Attached to the defendants’ answer to the motion for deficiency judgment was a copy of the complaint in the suit filed by Sponder, as trustee, alleging his (inferior) mortgage lien upon certain of the parcels of property covered by the foreclosure judgment; that he had not been made a party defendant in the foreclosure suit; and praying for a determination of the amount necessary to redeem as to the property covered by his mortgage, and that he be permitted to so redeem. See 22 Fla.Jur., Mortgages, §§ 406, 407.