940 So.2d 521 (2006)
Gina M. STOLTZ, Appellant,
v.
James F. TRUITT and Johnny Watson, Appellees.
No. 1D05-4726.
District Court of Appeal of Florida, First District.
October 25, 2006.
*522 Jeffrey P. Whitton, Panama City, for Appellant.
Patrick J. Faucheux, Panama City, for Appellees.
PER CURIAM.
Appellant, Gina Stoltz, appeals the trial court's order denying her complaint for specific performance filed against Appellee, James Truitt, and the trial court's order granting Appellee, Johnny Watson's eviction action. Because we find that the trial court did not abuse its discretion, we affirm.
Appellant purchased a home in 2002 and attempted to secure refinancing in early 2003. When she was unable to secure conventional financing, Mr. Truitt offered to purchase the home for $5000 over the outstanding mortgage, lease the home back to Appellant, and give Appellant an option to purchase the home within two years. Appellant agreed, and in February 2003 closed the sale at a title office, signed the lease agreement, paid the first month's rent, and signed the option to purchase. The option to purchase provided, in part, that
4) ANY default by the Purchaser on that certain lease agreement between the parties regarding the subject property shall automatically void this Option, and the Purchaser shall be responsible for any costs incurred in connection with the default and its effect hereto, including a reasonable attorney's fee.
Based on this provision, the trial court found that the option to purchase was voided in May 2003 when Appellant paid her rent on May 28 rather than "on the first day of the month" as the lease agreement provided. The trial court further found that Appellant substantially breached the lease agreement when she failed to pay the rent on the first day of the month numerous times over the lease term.
*523 The decision to grant or deny specific performance is a matter that lies within the sound discretion of the trial court. Jordan v. Boisvert, 632 So.2d 254, 256 (Fla. 1st DCA 1994). While forfeitures are not favored, a forfeiture will be enforced where it is clear that the parties intended such a result. Nelson v. Hansard, 143 Fla. 898, 197 So. 513, 514 (1940). However, due to this harsh result, a court of equity will "always mitigate forfeitures when it can be done without doing violence to the contract of the parties." Rader v. Prather, 100 Fla. 591, 130 So. 15, 16-17 (1930) (citing McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. 961, 962 (1910)). A court of equity, though, will not grant relief from a situation traceable to a party's own neglect, gross negligence, or willful and persistent violations of the contract. Nelson, 197 So. at 514; Rader, 130 So. at 18.
Inequitable forfeiture is applicable where a party has substantially complied with the terms of the agreement. Grover v. Jacksonville Golfair Inc., 914 So.2d 995 (Fla. 1st DCA 2005) (Thomas, J., concurring); see also Smith v. Winn-Dixie Stores, Inc., 448 So.2d 62 (Fla. 3d DCA 1984) (explaining that it was unconscionable to approve a forfeiture where a long-term lease existed, there was no default in rent, and the lessee promptly cured a city violation by paying the $495 fine). An increase in property value over the term of a lease is not enough to mitigate a forfeiture where Appellant has done nothing to bring about the increased value. Cf. Roschman Partners v. S.K. Partners I, Ltd., 627 So.2d 2, 3 (Fla. 4th DCA 1993) (holding that forfeiture was inequitable where purchaser hired experts to improve the property and attorneys to rezone the property which substantially increased the value), with August Tobler, Inc. v. Goolsby, 67 So.2d 537, 538 (Fla.1953) (holding that the equities involved did not lead to an unconscionable result where purchaser planned to use the land for a particular purpose and brought lumber to the site after he defaulted on the agreement).
Here, the parties intended that a forfeiture could result because Appellant signed the option to purchase which specifically provided that any default would result in forfeiture. The forfeiture is clearly attributable to Appellant's own neglect because she defaulted multiple times over the term of the lease agreement. In addition, Appellant did not substantially comply with the terms of the agreement or do anything to increase the home's value which would make it inequitable to enforce the forfeiture. Therefore, the trial court did not abuse its discretion in denying Appellant's complaint for specific performance and finding it could not grant relief based on the doctrine of inequitable forfeiture.
AFFIRMED.
WOLF, PADOVANO and THOMAS, JJ., concur.