LOLLEY, J.
| j Tammy Haas appeals the judgment of the Office of Workers’ Compensation, District IE, Parish of Ouachita, State of Louisiana (“OWC”), in favor of Dillard’s, Inc., and Gallagher Bassett Services, Inc. (collectively, “defendants”). For the following reasons, we reverse the OWC’s judgment and remand for further proceedings.
*2 Facts
On May 16, 2010, Haas was employed by Dillard’s, Inc. (“Dillard’s”). She alleges that while in the course and scope of her employment she was installing shelving and fell, injuring herself. Haas filed a disputed claim for compensation against Dillard’s and its third party administrator, Gallagher Bassett Services, Inc. (“Gallagher”), on March 31, 2011. She claimed no wage benefits were paid and no medical treatments were authorized. She also sought disability status. Specifically, she requested a surgical procedure recommended by her treating physician, Dr. C. Russ Greer. Service was made via certified mail on Gallagher and Dillard’s on April 4th and 8th, 2011, respectively.
A phone conversation took place on March 30, 2011, between Gallagher’s claims adjustor assigned to Haas’ case, Raven Landry, and Haas’ attorney. Information was conveyed to Landry that Haas was scheduled for surgery on April 18, 2011, with her treating physician, Dr. Greer. At that time, Landry verbally informed the attorney that the defendants wished to exercise their right to have Haas examined by a physician of their choice. He responded to Landry that he would check with 12Haas. On April 12, 2011, Landry was informed Haas would not submit to an examination by the defendants’ choice of physician.
On April 14, 2011, the defendants filed their motion to compel Haas’ medical examination, and they also requested an expedited hearing on the motion. Along with that motion, they filed a petition for temporary restraining order and preliminary injunction. A telephone hearing was held. Haas was ordered by the workers’ compensation judge (“WCJ”) to submit to a medical examination by Dr. Douglas Brown before going through with the lumbar discectomy. The WCJ also granted the defendants’ request for TRO, restraining Haas “from having surgery with Dr. Greer on Monday, April 18, 2011, at Defendants’ expense and until such time as a determination is made regarding the reasonableness of undergoing an exam by a physician chosen by Dillard’s, Inc.”
Despite the WCJ’s order, on April 18th Haas underwent the surgery “for a number of reasons” she claimed. Needless to say, she did not submit to the medical examination with Dr. Brown prior to the surgery; ultimately, however, on July 11, 2011, Haas was examined by Dr. Brown, whose examination supported Haas’ need for surgery.
In August 2011, a hearing was held on the defendants’ rule to show cause why Haas should not be held in contempt. The WCJ ruled from the bench, deciding that Haas’ indemnity benefits would be suspended from April 15 to July 11, 2011, for failure to be examined by Dr. Brown. In regard to violating the TRO, the WCJ ruled that defendants would not have to pay for the lumbar discectomy. As stated, Haas was subsequently |sexamined by Dr. Brown on July 11, 2011, and he concluded the surgery was “necessary and consistent with her injury.” A judgment on the defendants’ contempt motion was signed on September 12, 2011, which Haas appealed. However, that judgment was determined by this court not to be a final, appealable judgment. The matter was converted to an application for supervisory review, which was ultimately denied. Afterwards, the WCJ signed a consent judgment on September 25, 2012, wherein the parties agreed there were no more issues for trial.[1] This appeal followed.
*3 Discussion
Initially, we note the following as expressed by the Louisiana Supreme Court in Rhodes v. Lewis, 2001-1989, pp. 7-8 (La.05/14/02), 817 So.2d 64, 69: “The purpose of the Workers’ Compensation Act is to set up a court-administrated system to aid injured workmen by relatively informal and flexible proceedings that are to be interpreted liberally in favor of workmen .... The purpose of the changes [was] to provide a speedy resolution to workers’ compensation claims and a swift recourse for injured workers.” (Citations omitted). Notably, the Workers’ Compensation Act provides a means whereby employees injured by an accident arising out of and in the course of his employment can pursue legislatively defined compensation benefits — i.e., medical and wage benefits. O’Regan v. Preferred Enterprises, Inc., 1998-1602 (La.03/17/00), 758 So.2d 124.
14With that in mind, we address Haas’ appeal, whose assignments of error address the applicability of La. R.S. 23:1124 to this matter. The statute provides, in pertinent part, as follows:
A. If the employee refuses to submit himself to a medical examination at the behest of the employer or an examination conducted pursuant to R.S. 23:1123, or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. The employee shall receive at least fourteen days written notice prior to the examination. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension.
The crux of this matter is Haas’ initial refusal to submit to an examination by defendants’ physician, and her choice to proceed with her surgery. Haas argues that the WCJ erred in imposing a sanction for failure to postpone her scheduled surgery, because her employer failed to provide her with 14 days’ written notice of the examination with Dr. Brown as required by La. R.S. 23:1124(A). Second, she maintains that the exclusive penalty for an employee failing to comply with the medical examination is suspension of benefits, which is provided by the statute, not absolution from liability for the employer.
Here, the judgment of the OWC consisted of two parts: (1) for failing to submit to the second medical exam, the suspension of Haas’ benefits from April 15, 2011 (the date she was ordered to submit to an examination with the defendants’ choice of physician) until July 11, 2011 (the date Haas was ultimately examined by the defendants’ physician); and, (2) for proceeding with her surgery, the finding that Haas was in contempt of court for violating the TRO issued by the OWC. As stated, on that count Haas was penalized by absolving the defendants from payment for her surgery.
| ^Initially, we note that La. R.S. 23:1124, entitled “Refusal to submit to examination; effect on right to compensation,” addresses specifically this issue of an employee’s refusal to submit to a medical examination. As to the first penalty assessed in the WCJ’s judgment (the suspension of Haas’ benefits), the WCJ’s penalty at first glance appears to be made in accordance with La. R.S. 23:1124(A); nonetheless, we find that it was made in error, because it fails to conform with the clear and specific dictates of the statute. Notably, none of the *4 parties complied with the statute. There is no question that Haas “refusfed] to submit [herjself to a medical examination at the behest of the employer,” and arguably obstructed that said examination by having surgery. Thus, the WCJ’s apparent frustration with Haas is somewhat understandable.
However, on the other hand, the defendants were not in compliance with the statute either, because they failed to give Haas 14 days’ written notice prior to the examination. Although Haas was informed on April 15, 2011, by the WCJ’s written order that she was to submit to an examination by Dr. Brown, the order does not contain a date as to when that examination was to take place. The record does contains a letter dated April 26, 2011, in which Haas’ attorney informs the WCJ that Haas would submit to the employer’s medical examination, but there is nothing in the record to indicate that Haas did indeed receive the written notice required by the statute. Ultimately, Haas did submit to a second medical examination by a physician chosen by the defendants on July 11, 2011. Therefore, considering that the defendants did not provide Haas with the requisite | f,written notification as required by the statute, we conclude the OWC erred in its penalty against her.
As to the WCJ’s finding that Haas was in contempt of court, we agree that the WCJ exceeded her authority, regardless of whether or not the OWC has jurisdiction to issue a TRO. Initially, we reiterate that the penalty was excessive primarily because La. R.S. 23:1124(A) provides the exclusive penalty for a claimant’s refusing a second medical exam. Furthermore, the WCJ’s order technically did not prohibit Haas from having the surgery, only from having the surgery at the defendants’ expense. Therefore, in going through with her scheduled surgery prior to submitting to the second medical examination, we cannot say Haas was strictly in contempt of the order. Haas was simply warned that if she carried through with the surgery, the defendants were not responsible for payment. However, such an order was in error, because it was excessive for two reasons (besides the exclusive penalty provided in La. R.S. 23:1124(A)). First, absolving the employer of liability for an employee’s injury that may have legitimately occurred on the job flies in the face of the express purpose of the Workers’ Compensation Act. Second, even if Haas was in contempt, La. R.S. 23:1310.7 provides the exclusive penalty for a workers’ compensation party in constructive contempt, which statute states in pertinent part:
A. A workers’ compensation judge shall have the power to enforce any order or judgment he shall deem proper which is issued pursuant to the powers and jurisdiction provided for in this Chapter and the Constitution of Louisiana. This power shall not include the authority to order a person confined.
[[Image here]]
|7(2) Constructive contempt in a workers’ compensation proceeding shall be as defined in Louisiana Code of Civil Procedure Article 224, except that it shall be concerning the workers’ compensation judge and hearing procedures instead of the court. In a case of constructive contempt, the workers’ compensation judge may assess a civil fine of up to five hundred dollars for each such contempt violation which shall be payable to the Kids Chance Scholarship Fund, Louisiana Bar Foundation.
Thus, absolving the defendants of liability for Haas’ “constructive contempt” clearly exceeds the dictates of the statute, and the WCJ’s judgment ordering same was in error.
*5 Finally, one procedural conundrum of this case is that the WCJ never made any finding that Haas’ injury occurred by an accident arising out of and in the course of her employment. At least, the record does not reflect that such a fact was ever determined. Presumably, the parties were working under that assumption up until the point that the disagreement over Haas’ surgery occurred. Considering our findings herein, in order to make any sort of final determination regarding the payment of Haas’ medical benefits, there must be a finding of whether or not a compensable injury occurred. Thus, the matter is remanded for that determination and further proceedings connected therein.
Conclusion
So considering, we reverse the WCJ’s judgment against Tammy Haas and in favor of Dillard’s Inc. and Gallagher Bassett Services, Inc. This matter is remanded to the Office of Workers’ Compensation to determine whether Haas was injured by an accident arising out of and in the course of her employment and if so, a determination of wages and medicals consistent |Rwith this opinion. All costs of this appeal are assessed against the defendants.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

. In the final consent judgment which is currently on appeal, the WCJ noted its September 12, 2011 judgment, and stated that "there are no other issues remaining for trial,” and *3 went on to dismiss Haas’ complaint. It would appear from the record that the parties' intent was to finalize all other issues before the WCJ, but to preserve the one issue regarding Haas' surgery.