# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2024-1385
_____

ALACHUA COUNTY HOUSING
AUTHORITY,

    Appellant,

    v.

ERICA GRAHAM,

    Appellee.

_____

On appeal from the County Court for Alachua County.
Meshon T. Rawls, Judge.

December 23, 2025

WINOKUR, J.

Alachua County Housing Authority (ACHA) appeals a final order dismissing its complaint for eviction. In its complaint, the ACHA sought to evict Erica Graham after Graham failed to comply with the lease's recertification requirement. The county court dismissed ACHA's complaint. We reverse.

In December 2017, ACHA and Graham entered into a residential lease agreement, for a term of one year with an option to renew. To renew, Graham and all adults living in the home were required to attend a recertification appointment and submit a redetermination packet with information to determine eligibility and rent. Under the lease, "failure to supply such information when requested is a serious violation of the terms of the lease and ACHA must terminate the lease."

From 2017 to 2021, Graham attended the recertification appointments and submitted the redetermination packets. But on July 26, 2022, Graham was found guilty of felony petit theft and resisting detention after theft, resulting in a 180-day sentence in the county jail. On August 5, while Graham was in jail, ACHA sent Graham the first letter regarding the annual reclassification appointment and redetermination packet, scheduled for September 6, 2022. On August 10, Graham's adult son, James Covert, was given power of attorney to act on behalf of Graham, but neither Graham nor Covert attended the recertification appointment scheduled for September 6. On September 8, ACHA sent Graham a second letter rescheduling the certification appointment to September 22. Again, neither Graham nor Covert attended the recertification meeting or submitted the redetermination packet. On November 4, ACHA sent Graham a third letter titled "30 Day Notice – Curable Noncompliance with Lease, Notice of Proposed Adverse Action, Notice of Termination of Tenancy." This document provided a new date for the recertification appointment: November 17. This letter also provided conflicting dates for the termination of the Lease, December 1 and December 12. For the third time, Graham and Covert failed to attend the scheduled meeting. However, on November 29, Covert attempted to submit the redetermination packet, but was told it was incomplete and given until the end of business on November 30 to submit the complete packet. Covert failed to submit the redetermination packet.

Graham was released from jail on December 5 and contacted ACHA about the redetermination packet the following day. Graham requested ACHA re-mail the three previous letters so she could accurately complete the redetermination packet. Graham claims she never received these three letters. On December 16, as a result of Graham's failure to complete the redetermination packet and recertification appointment, ACHA filed an action to evict Graham. The county court found that eviction would be inequitable and unconscionable and dismissed ACHA's complaint. ACHA appealed.

A fundamental principle of contract construction is that clear, unambiguous language must be given its plain and ordinary meaning. *Columbia Bank v. Columbia Developers, LLC*, 127 So. 3d

670, 673 (Fla. 1st DCA 2013). It is not the role of a court to rewrite the terms of a contract to make it more favorable for one of the parties. *Ferreira v. Home Depot/Sedgwick CMS*, 12 So. 3d 866, 868 (Fla. 1st DCA 2009). And while forfeitures are not favored, "[t]he law permits a man to make a contract which will result in a forfeiture; and when it is clear from the terms of the contract that the parties have so agreed, a court of law as well as the court of equity, will enforce the forfeiture." *Nelson v. Hansard*, 197 So. 513, 513–14 (Fla. 1940). But given the severity of forfeitures, a court will seek to mitigate forfeitures when it can be done without altering the terms of the contract. *Stoltz v. Truitt*, 940 So. 2d 521, 523 (Fla. 1st DCA 2006). Nevertheless, "[a] court of equity . . . will not grant relief from a situation traceable to a party's own neglect, gross negligence, or willful and persistent violations of the contract." *Id.* (citing *Nelson*, 197 So. at 514 and *Rader v. Prather*, 130 So. 15, 18 (1930)).

The lease agreement between Graham and ACHA unambiguously states that "failure to supply such [redetermination] information when requested is a serious violation of the terms of the lease and ACHA must terminate the lease." Although Graham was incarcerated, she had submitted the redetermination packet in years prior, was aware the packet was due while she was incarcerated, and had given her son power of attorney so he could complete the packet in her absence. Covert failed to complete the packet, and when Graham was released, she also failed to complete the redetermination packet and recertification appointment. While the third letter included conflicting dates as to whether the lease would terminate on December 1 or 12, by the 16th, Graham had still not completed her redetermination packet or recertification appointment.

When the trial court refused to honor the terms of the lease to which Graham and ACHA had agreed, it essentially rewrote the terms of the contract to favor Graham. *See Med. Inv. Corp. v. Mike Rollison Fence, LLC*, 331 So. 3d 242, 247 (Fla. 1st DCA 2021) ("'A party is bound by, and a court is powerless to rewrite, the clear and unambiguous terms of a voluntary contract. . . . It is not the role of the courts to make an otherwise valid contract more reasonable from the standpoint of one contracting party.'" (citation omitted)).

For these reasons, we reverse and remand with instructions to enter judgment in favor of ACHA.

OSTERHAUS, C.J., and LONG, J., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Rhonda E. Stringer of Saxon Gilmore & Carraway P.A., Tampa, for Appellant.

Kevin Skyler Rabin of Three Rivers Legal Services, Inc., Gainesville, for Appellee.