357 So.2d 221 (1978)
Paul Wesley MOORE, Individually, Jasper M. Moore and Betty Moore, His Wife, Individually and As Husband and Wife, Appellants,
v.
DADE GLASS AND MIRROR COMPANY, INC., a Florida Corporation, Appellee.
Nos. 77-896, 77-897.
District Court of Appeal of Florida, Third District.
March 28, 1978.
*222 Greene & Cooper, Miami, for appellants.
Mason & Meyerson, Miami, for appellee.
Before HENDRY, HUBBART and KEHOE, JJ.
HENDRY, Judge.
This consolidated appeal is taken from an order denying plaintiffs/appellants' motion to set aside a judicial sale and an order denying appellants' motion for an evidentiary rehearing and to add an additional party.
The sole question for our determination is whether the trial judge erred in refusing to set aside a sheriff's sale conducted to satisfy a judgment lien. We hold that no error was committed by the trial judge.
In order to satisfy a judgment, appellants' counsel directed the sheriff to levy against a parcel of property owned by appellee a writ of execution issued against appellee and the sheriff levied against the parcel.
Appellants received a notice from the Dade County Sheriff's Office that a sheriff's sale of the property would be held on December 29, 1976, between the hours of 11:00 A.M. and 2:00 P.M. The notice stated that the sale would take place "at the south front door of the Court House in Miami, Dade County, Florida ... ."
Appellants' counsel instructed an investigator for the law firm to attend the sheriff's sale as a representative of appellants. Counsel informed his investigator that the sale was to be held at the south front door of the courthouse between the aforementioned hours and instructed and authorized the investigator to bid for the property, up to the full amount of the judgment.
The investigator arrived at the courthouse at approximately 10:30 A.M. on the day of the sale. At approximately 10:45 A.M., a crowd of approximately fifteen or twenty people gathered inside the south front door of the courthouse. The investigator congregated with this group of people and awaited the sale. Unbeknownst to the investigator, another sale was simultaneously taking place outside the south front door of the courthouse.
The sale attended by the investigator concluded in about thirty (30) minutes. Appellee's property was not offered. At that point, the investigator discovered that he had attended the wrong sale, i.e., a foreclosure sale rather than the sheriff's sale. He proceeded to the sheriff's office and was told that the property, with a fair market value of $80,000.00, had been sold for a bid of $1,500.00 to appellants' counsel.
Subsequently, appellants moved the trial court to set aside the sheriff's sale because of "irregular procedure and gross inadequacy of the sale price." The court, however, denied the motion. Appellants then requested the trial court to conduct an evidentiary hearing and to add the new purchaser of the property as an additional party. This motion was, likewise, denied. This appeal followed.
Appellants contend that the "gross inadequacy of the price coupled with the irregularity of the sale procedure and notice established grounds for setting aside the sale." In that we find no irregularity in either the sale procedure or notice given to appellants, we affirm.
The general rule is that standing alone, mere inadequacy of price is not a ground for setting aside a judicial sale. Arlt v. Buchanan, 190 So.2d 575 (Fla. 1966); Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679 *223 (Fla. 1974). Therefore, the fact that property with a fair market value of $80,000.00 was purchased for a bid of $1,500.00 (subject to a mortgage of approximately $34,500.00) at a judicial sale would not, in and of itself, require the setting aside of the sale.
Rather, inadequacy of the purchase price must be connected with, or shown to result from misconduct, accident, surprise, mistake, fraud or irregularity. Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383 (1930); Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, supra; Helinger v. Allen, 352 So.2d 122 (Fla. 2d DCA 1977). Sub judice, appellants claim an irregularity in the notice requirement of the sale. Specifically, appellants contend that while the notice of sheriff's sale stated that said sale would be held at the south front door of the courthouse, it failed to state whether the sale would occur inside the building at the south entrance, or outside, on the courthouse steps. Such silence in the notice, appellants argue, created confusion and was tantamount to an irregularity in the proceedings, requiring the setting aside of the sale.
In support of their contention, appellants rely heavily upon the case of Arlt v. Buchanan, supra. In that case, a sheriff's sale of certain property was to be held at "the south front door of the Dade County Court House." The sale was, however, conducted at "the information booth near the elevator on the west side of the lobby, some distance from said door." [Emphasis added.] The Supreme Court of Florida, in quashing this court's opinion, held that if an injustice was committed by the above "irregularity" the judicial sale could be set aside. See also Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, supra, where a judicial sale, advertised for 11:00 A.M. and actually held at 2:00 P.M., when coupled with an inadequate purchase price, was set aside.
Here however, we find no irregularity in the proceedings, notwithstanding an admittedly low purchase price bid. The record reveals that the sale was conducted at the proper time and at the proper place, i.e., the south entrance to the courthouse. Despite appellants' surrogate bidder's confusion, an officer in the Dade County Sheriff's Department, by affidavit, stated that prior to the start of the bidding at the "clerk's sale," held inside the south door, he announced that the sheriff's sale, pursuant to court orders and writs of execution, would be conducted outside the south door and that all interested persons were advised to come outside. In addition, the officer stated that this procedure had been followed for months prior to this particular sale.
By his rulings on the motions, the trial judge was obviously convinced as to the regularity of the proceedings. After carefully reviewing the record, in light of the applicable and controlling principles of law, it is, likewise, our opinion that the proceedings were "regular" in nature. Accordingly, the orders appealed from are hereby affirmed.
Affirmed.